1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  steve.swinton@lw.com
   Adam A. Welland (Bar No. 228680)
3  adam.welland@lw.com
   12636 High Bluff Drive, Suite 400
4  San Diego, California  92130-2071
   Telephone:  (858) 523-5400
5  Facsimile:   (858) 523-5450

6  Attorneys for Plaintiff,
   GEORGIA-PACIFIC CONSUMER
7  PRODUCTS LP

FILED

07 DEC 20  AM 11: 46

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  GEORGIA-PACIFIC CONSUMER          )  Civil Action No. **07 CV 2390 JAH POR**
    PRODUCTS LP, a Delaware limited   )
11  partnership,                      )  **COMPLAINT FOR: (1) FEDERAL**
                                      )  **TRADEMARK INFRINGEMENT; (2)**
12              Plaintiff,            )  **COMMON LAW TRADEMARK**
                                      )  **INFRINGEMENT; (3) FEDERAL FALSE**
13        v.                          )  **DESIGNATION OF ORIGIN; (4)**
                                      )  **FEDERAL FALSE ADVERTISING; (5)**
14  YAN WHOLESALE; RUSH WHOLESALE; )  **FEDERAL DILUTION; (6) CALIFORNIA**
    YES WHOLESALE; YES WHOLESALE OF)  **STATUTORY DILUTION; (7)**
15  MEXICO; ALLEN YAN CHOW, an        )  **CALIFORNIA STATUTORY AND**
    individual; ROMAN RUSHINSKY, an   )  **COMMON LAW UNFAIR**
16  individual; GLEB TABACHNIK, an    )  **COMPETITION; (8) UNLAWFUL**
    individual; JOHN YEH, and individual; and )  **IMPORTATION OF GOODS BEARING**
17  DOES 1 – 100,                     )  **INFRINGING MARK; (9) VIOLATION**
                                      )  **OF TARIFF ACT SECTION 1526; AND**
18              Defendants.           )  **(10) CANCELLATION OF A**
                                      )  **CALIFORNIA REGISTRATION.**
19                                    )
                                      )  **DEMAND FOR JURY TRIAL**
20  _____)

21

22

23

24

25

26

27

28

1           Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") alleges as follows:

2         1.     Georgia-Pacific owns several incontestable federally registered trademarks for the

3 **ANGEL SOFT®** mark. This is an action for trademark infringement arising under Section 32

4 of the Lanham Act (15 U.S.C. § 1114), common law trademark infringement, false designation

5 of origin arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), false advertising

6 arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), federal dilution arising

7 under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), statutory dilution arising under

8 California Business & Professions Code § 14330, statutory unfair competition arising under

9 California Business & Professions Code §§ 17200 *et seq.* and unfair competition arising under

10 the common law of the State of California, unlawful importation of trademark infringing goods

11 arising under Section 42 of the Lanham Act (15 U.S.C. § 1124), unlawful importation of

12 trademark infringing goods arising under the Section 1526(a) of the Tariff Act (19 U.S.C.

13 § 1526), and cancellation of California Registration Number 109928 pursuant to California

14 Business & Professions Code §§ 14281 or 14282.

15                     **I. JURISDICTION AND VENUE**

16         2.     This action is within the subject matter jurisdiction of this Court by virtue of the

17 Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has

18 supplemental jurisdiction over Georgia-Pacific's state law claims pursuant to 28 U.S.C.

19 § 1367(a).

20         3.     Defendants are subject to the jurisdiction of this Court pursuant to the laws of this

21 State and the Federal Rules of Civil Procedure. Upon information and belief, Defendants

22 participate in the promotion, advertising, and sale of unauthorized goods in this State and in this

23 district.

24         4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a

25 substantial portion of the events giving rise to this action occurred in this district. Georgia-

26 Pacific is informed and believes that Defendants distribute, sell, or otherwise have introduced

27 into the stream of commerce within this judicial district products bearing the infringing

28 trademark.

5.     Georgia-Pacific is informed and believes and thereupon alleges that venue also is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that one or more Defendants may be found in this judicial district.

## II. **THE PARTIES**

6.     Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") is a Delaware limited partnership having its principal place of business at 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

7.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Yan Wholesale is a private company with a principal place of business at 17534 Vacas Circle, Fountain Valley, California 92702.

8.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Allen Yan Chow ("Chow") is an individual that has distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing Trademark. Upon information and belief, Chow is the owner of Yan Wholesale.

9.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Rush Wholesale is a private company with a principal place of business at 2510 Howard Avenue, #1, San Diego, California 92104.

10.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Roman Rushinsky ("Rushinsky") is an individual residing and/or doing business in the County of San Diego at 8310 Regents Road, Apartment 3K, San Diego, California, 92122. Upon information and belief, Rushinsky is the owner of Rush Wholesale.

11.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Yes Wholesale of Mexico is a private company with a principal place of business at 6393 East Washington Boulevard, Los Angeles, California 90040.

12.     Georgia-Pacific is informed and believes, and on that basis alleges, that John Yeh is an individual residing and/or doing business in 6393 East Washington Boulevard, Los Angeles, California 90040. Upon information and belief, Defendant John Yeh is the owner of Yes Wholesale of Mexico.

13.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Yes Wholesale is a private company with a principal place of business at 529 Buena Vista Avenue, Apartment #305, Alameda, California 94501.

14.    Georgia-Pacific is informed and believes, and on that basis alleges, that Gleb Tabachnik is an individual residing and/or doing business in 529 Buena Vista Avenue, Apartment #305, Alameda, California 94501.  Upon information and belief, Defendant Gleb Tabachnik is the owner of Yes Wholesale of Mexico.

15.    Georgia-Pacific is unaware of the true names and capacities of Defendants named herein as Does 1 through 100, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named Defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Plaintiff therefore sues these Defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.  (Collectively, Yan Wholesale, Rush Wholesale, Allen Yan Chow, Roman Rushinsky, Yes Wholesale of Mexico, John Yeh, Yes Wholesale, Gleb Tabachnik, and Does 1 through 100 will be referred to herein as "Defendants.").

## III. GENERAL ALLEGATIONS

**A.    Georgia-Pacific's Federally Registered ANGEL SOFT® Trademarks**

16.    Georgia-Pacific Consumer Products LP is one of the world's leading manufacturers and marketers of tissue, towels, napkins, cups, plates, cutlery and related tabletop items, including bathroom tissue sold under the **ANGEL SOFT®** brand.

17.    Georgia-Pacific and its predecessors in interest first began using the **ANGEL SOFT®** brand in connection with selling bathroom tissue in 1944.

18.    Georgia-Pacific and its predecessors in interest have used the **ANGEL SOFT®** marks for bathroom tissue continuously since that time.

19.    Georgia-Pacific is the owner of several federally registered trademarks to protect its **ANGEL SOFT®** brand and family of trademarks used in connection with bathroom tissue.

20.    Georgia-Pacific and its predecessors in interest have applied for and obtained federal trademark registrations for Angel Soft including U.S. Registration Numbers 781,414;

1   1,172,215; 2,512,417; 2,972,819; and 2,989,711.  Georgia-Pacific also owns two additional

2   Angel marks, U.S. Registration Numbers 2,546,897 and 2,841,759.  True and correct copies of

3   the federal registration certificates for these trademarks are attached hereto as Exhibits A - G.

4   For purposes of this Complaint, Georgia-Pacific alleges violation only of Registration Numbers

5   781,414; 1,172,215; and 2,512,417.  In accordance with 15 U.S.C. § 1065, based upon

6   widespread and continuous use, Registration Numbers 781,414 and 1,172,215 have achieved

7   incontestable status.

8         21.   Georgia-Pacific is the current owner of the **ANGEL SOFT®** trademark by virtue

9   of valid assignments.

10         22.   A representative sample of Georgia-Pacific's **ANGEL SOFT®** bathroom tissue is

11   shown below:



19         23.   Georgia-Pacific also owns the **ANGEL SOFT PS®** mark for bathroom tissue that

20   it distributes through commercial channels.

21         24.   Georgia-Pacific first began using the **ANGEL SOFT PS®** mark in commerce in

22   conjunction with bathroom tissue at least as early as January 31, 2003.  Georgia-Pacific has used

23   the **ANGEL SOFT PS®** mark continuously since that time.

1    25.    The following picture depicts the current product configuration and packaging of

2    a typical **ANGEL SOFT PS®** commercial product:



8    26.    Georgia-Pacific has applied for and obtained federal trademark registrations for

9    "**ANGEL SOFT PS®**" including U.S. Registration Number 2,912,982, which Georgia-Pacific

10    also asserts here.  A true and correct copy of the federal registration certificate for this trademark

11    is attached hereto as Exhibit H.  Both the "**ANGEL SOFT**" and "**ANGEL SOFT PS**"

12    trademarks are collectively referred to herein as the "**ANGEL SOFT** Trademarks."

13    **B.    Georgia-Pacific's Sale and Marketing of Products Bearing the ANGEL SOFT**
      **Trademarks**
14

15    27.    Georgia-Pacific markets and sells its **ANGEL SOFT®** product line throughout

16    the United States, including in Southern California and the County of San Diego.

17    28.    Georgia-Pacific has invested heavily in advertising and promoting its **ANGEL**

18    **SOFT®** brand and products for more than six decades.  This advertising consistently has used

19    the **ANGEL SOFT** Trademarks.  In the U.S. in 2006 alone, Georgia-Pacific spent over $22

20    million advertising and promoting bathroom tissue sold under the **ANGEL SOFT** Trademarks.

21    29.    In the U.S., this advertising has included television commercials, print

22    publications, radio commercials, billboards, live promotions, sponsorship of large events, trade

23    shows, brochures, and internet promotions.

24    30.    This advertising and promotion has been continuous, and has also included

25    numerous large-scale campaigns that have stood out for consumers.  Some examples include the

26    "Angels in Action" and "Bathroom Moments" campaigns, which received significant media

27    attention and coverage.

28

LATHAM&WATKINS™  NSD\89083.4                                          COMPLAINT AND DEMAND FOR JURY TRIAL
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY                          5

31.     Georgia-Pacific also created a website (www.angelsoft.com) to promote its **ANGEL SOFT** Trademarks and products. This website launched in 2003 and currently receives an average of 4,145 visitors per month. Georgia-Pacific also distributes point-of-sale items that promote the **ANGEL SOFT** Trademarks and products.

32.     Georgia-Pacific has directed a portion of its advertising for the **ANGEL SOFT** Trademarks toward the Spanish-speaking market. Since 2005, Georgia-Pacific paid for numerous television and radio advertisements in these markets, including but not limited to Los Angeles, Phoenix and Houston, along with other national advertisements in 2007.

33.     The U.S. is the largest market for bathroom tissue sold under the **ANGEL SOFT** Trademarks. Georgia-Pacific sells bathroom tissue under the **ANGEL SOFT** Trademarks in both the retail and commercial channels. For example, **ANGEL SOFT®** bathroom tissue is sold through the retail channel in large retail chain stores such as Wal*Mart, Target, Winn Dixie, and Walgreen's as well as in tens of thousands independent retail stores located across the country. Georgia-Pacific sells its **ANGEL SOFT PS®** bathroom tissue in the commercial channel to distributors such as US Foodservice, SYSCO, Xpedx, and Lagasse Sweet which then distribute **ANGEL SOFT PS®** to well-known commercial end users such as Hampton Inn, Sheraton Hotels, The Walt Disney Company, Hyatt Hotels and Little Caesar Enterprises, Inc.

34.     Georgia-Pacific's **ANGEL SOFT®** brand bathroom tissue has been tremendously successful. Since 1944, Georgia-Pacific has sold billions of dollars worth of bathroom tissue under the **ANGEL SOFT** Trademarks in the U.S., Canada and Mexico. In particular, from 2004 through 2006, U.S. sales of bathroom tissue sold under the **ANGEL SOFT** Trademarks totaled over $2 billion. Much of this success is attributable to the quality and distinctive trademarks of the **ANGEL SOFT®** product line.

35.     The products sold under the **ANGEL SOFT** Trademarks must meet Georgia-Pacific's rigorous standards of quality. As a result, Georgia-Pacific endures significant expense to ensure that its products sold under the **ANGEL SOFT** Trademarks adhere to high quality standards. Some examples of the quality control efforts in place by Georgia-Pacific include, but are not limited to, measuring and controlling the quality of the base sheet of the bathroom tissue

1    during production; measuring and recording the finished bathroom tissue rolls at least once per

2    day per manufacturing line; conducting periodic workmanship audits of the bathroom tissue

3    itself as well as the packaging, box and pallet; and conducting softness panels to judge sensory

4    softness.

5         36.    By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

6    product line, the **ANGEL SOFT** Trademarks have acquired great value as identifiers of the

7    source of the bathroom tissue and to distinguish the products from those of others.

8         37.    By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

9    product line, the **ANGEL SOFT** Trademarks have become famous.  The **ANGEL SOFT®**

10    product line and the **ANGEL SOFT** Trademarks have been famous since long before

11    Defendants began their infringing activities.

12         38.    The **ANGEL SOFT** Trademarks are extremely valuable to Georgia-Pacific as an

13    identifier of its products, Georgia-Pacific's quality goods, and of the substantial customer

14    goodwill that Georgia-Pacific has earned over many years in the market.

15    **C.    Defendants' Infringement of the ANGEL SOFT Trademarks**

16         39.    Georgia-Pacific is informed and believes, and on that basis alleges, that

17    Defendants are engaged in the business of importing, promoting, distributing, and selling

18    bathroom tissue, among other articles.

19         40.    Georgia-Pacific is informed and believes, and on that basis alleges, that without

20    permission or authority from Georgia-Pacific, Defendants have infringed Georgia-Pacific's

21    **ANGEL SOFT** Trademarks in interstate commerce by importing, making, using, promoting,

22    advertising, selling and/or offering to sell bathroom tissue under the name "Angel."  The marks

23    and images used on the "Angel" products are confusingly similar in appearance to Georgia-

24    Pacific's **ANGEL SOFT** Trademarks.  Defendants' "Angel" bathroom tissue products include at

25    least the following products: Angel 500, Angel 600, Angel 650, and Angel 1500.

26

27

28

1      41.    A representative picture of Defendants' infringing "Angel 600" product is shown

2   below:



10     42.    A representative picture of Defendants' infringing "Angel 1500" product is shown

11  below:

18     43.    As shown in the pictures above, Defendants' bathroom tissue is sold in packaging

19  that includes marks and images that are confusingly similar in appearance to that of Georgia-

20  Pacific's **ANGEL SOFT** Trademarks and **ANGEL SOFT®** and **ANGEL SOFT PS®** product

21  lines.

22     44.    Georgia-Pacific is informed and believes, and on that basis alleges, that

23  Defendants' unauthorized use of Georgia-Pacific's **ANGEL SOFT** Trademarks is intended to

24  trade upon the goodwill and substantial recognition associated with Georgia-Pacific's **ANGEL**

25  **SOFT®** and **ANGEL SOFT PS®** lines of bathroom tissue.

26     45.    Georgia-Pacific is informed and believes, and on that basis alleges, that

27  Defendants are using Georgia-Pacific's **ANGEL SOFT** Trademarks in an attempt to associate

28  themselves with Georgia-Pacific or otherwise trade upon Georgia-Pacific's reputation.

46.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' use of Georgia-Pacific's **ANGEL SOFT** Trademarks is designed to cause confusion, mistake or deception.

47.    Georgia-Pacific is informed and believes, and on that basis alleges, that it is Defendants' purpose to cause consumers and potential customers to believe that Defendants' "Angel" products are associated with Georgia-Pacific or its products when, in fact, they are not.

**D.    Other Allegations**

48.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Georgia-Pacific's business reputation, caused a strong likelihood of consumer confusion as to the source of origin or relationship of Georgia-Pacific's and Defendants' goods, and have otherwise competed unfairly with Georgia-Pacific.

49.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

50.    Defendants' acts complained of herein have caused damage to Georgia-Pacific in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions.

51.    Defendants' acts complained of herein have caused Georgia-Pacific to suffer irreparable injury to its business. Georgia-Pacific will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful actions complained of herein.

**E.    Yan Wholesale's Improperly Registered California Trademark**

52.    Upon information and belief, Defendant Yan Wholesale applied for, and on March 23, 2004, obtained California state registration number 109928 for the trademark "Angel" in a stylized design format. A copy of what is believed to be the registered mark is attached hereto as Exhibit H.

53.    Georgia-Pacific is informed and believes and on that basis alleges that products bearing the "Angel" state registration mark have been and are being sold in various locations within this judicial district, including within the County of San Diego.

54. Georgia-Pacific has a prior and superior right in the **ANGEL SOFT** Trademarks dating as far back as 1944. Georgia-Pacific's use of "Angel Soft" has been continuous since that time.

55. Upon information and belief, Yan Wholesale's use of the trademark "Angel" and design post-dates this time period.

56. Further, Georgia-Pacific's **ANGEL SOFT** Trademarks, upon information and belief, were registered and thus publicly available prior to Yan Wholesale's use and registration of California state registration number 109928.

57. Yan Wholesale thus had at least constructive notice of Georgia-Pacific's use of a confusingly similar mark at the time it purported to have rights to its state registered service mark.

## IV. FIRST CLAIM FOR RELIEF

### Against all Defendants for Trademark Infringement Under 15 U.S.C. § 1114

58. Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 57 of this Complaint as though fully set forth herein.

59. This is an action for trademark infringement arising from Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60. Georgia-Pacific owns the registered **ANGEL SOFT** Trademarks.

61. The **ANGEL SOFT** Trademarks are arbitrary, fanciful, and/or suggestive, and at a minimum, have acquired a secondary meaning by purchasers and the public.

62. Georgia-Pacific receives a tremendous amount of public recognition and critical acclaim for the products sold under the **ANGEL SOFT** Trademarks. Through Georgia-Pacific's widespread and continuous use of the **ANGEL SOFT** Trademarks, these marks have acquired extensive goodwill, have developed a high degree of distinctiveness, and are famous, well known and recognized as identifying goods that originate from Georgia-Pacific.

63. Defendants have used in commerce, without permission of Georgia-Pacific, marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks. Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks by using

1    confusingly similar phrases and images in connection with the manufacturing, distribution,

2    selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-

3    Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and

4    mistake among customers and the public and to deceive the public into believing that

5    Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they

6    are not.

7         64.    Georgia-Pacific is informed and believes, and on that basis alleges, that

8    Defendants knew or should have known of Georgia-Pacific's ownership and prior use of the

9    **ANGEL SOFT** Trademarks.  Without the consent of Georgia-Pacific, Defendants have willfully

10   violated 15 U.S.C. § 1114.

11        65.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

12   Georgia-Pacific in an amount to be determined at trial.

13        66.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

14   irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

15   this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

16   adequate remedy at law.

17                        **V.  SECOND CLAIM FOR RELIEF**

18            **Against all Defendants for Common Law Trademark Infringement**

19        67.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

20   paragraphs 1 – 66 of this Complaint as though fully set forth herein.

21        68.    This is an action for trademark infringement arising under the common law of the

22   State of California.

23        69.    By virtue of the acts complained of herein, Defendants have intentionally

24   infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and caused a likelihood of confusion

25   among the consuming public, thereby committing common law trademark infringement.

26        70.    Defendants' aforementioned acts have been fraudulent, oppressive and malicious,

27   and have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at

28   trial.

71.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

### Against all Defendants for False Designation of Origin Under 15 U.S.C. § 1125(a)

72.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 71 of this Complaint as though fully set forth herein.

73.    This is an action for false designation of origin arising from Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.    Georgia-Pacific has marketed, advertised, and promoted the **ANGEL SOFT®** and **ANGEL SOFT PS®** product lines using the **ANGEL SOFT** Trademarks.  As a result of this marketing, advertising, and promotion, the **ANGEL SOFT** Trademarks have come to mean and are understood to signify Georgia-Pacific products, and are one of the ways by which those goods and services are distinguished from the goods and services of others in the same and in related fields.

75.    The **ANGEL SOFT** Trademarks are distinctive and have acquired secondary meaning by purchasers and the public associating the **ANGEL SOFT** Trademarks with Georgia-Pacific products.

76.    Defendants have used in commerce, without permission of Georgia-Pacific, marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and created a false designation of origin by using confusingly similar phrases and equivalent images in connection with the manufacturing, distribution, selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they are not.

1    77.    Georgia-Pacific is informed and believes, and on that basis alleges, that

2  Defendants had actual knowledge of Georgia-Pacific's ownership and prior use of Georgia-

3  Pacific's **ANGEL SOFT** Trademarks, and without the consent of Georgia-Pacific, have willfully

4  violated 15 U.S.C. § 1125(a).

5    78.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

6  Georgia-Pacific in an amount to be determined at trial.

7    79.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

8  irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

9  this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

10  adequate remedy at law.

11                    **VII.  <u>FOURTH CLAIM FOR RELIEF</u>**

12          **Against all Defendants for False Advertising Under 15 U.S.C. § 1125(a)**

13    80.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

14  paragraphs 1 – 79 of this Complaint as though fully set forth herein.

15    81.    This is an action for false advertising arising from Section 43(a) of the Lanham

16  Act, 15 U.S.C. § 1125(a).

17    82.    By virtue of the acts complained of herein, Defendants' conduct is likely to

18  confuse, mislead, or deceive purchasers or potential purchasers, and constitutes false advertising

19  in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20                    **VIII.  <u>FIFTH CLAIM FOR RELIEF</u>**

21          **Against all Defendants for Trademark Dilution Under 15 U.S.C. § 1125(c)**

22    83.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

23  paragraphs 1 – 82 of this Complaint as though fully set forth herein.

24    84.    This is an action for federal dilution in violation of Section 43(c) of the Lanham

25  Act (15 U.S.C. § 1125(c)).

26    85.    Georgia-Pacific's **ANGEL SOFT** Trademarks are famous and well-known within

27  the meaning of 15 U.S.C. § 1125(c), and became famous prior to the acts of Defendants

28  complained of herein.

86.    After the **ANGEL SOFT** Trademarks became famous and well-known, Defendants misappropriated the **ANGEL SOFT** Trademarks for their own use and commercial advantage, in blatant disregard for Georgia-Pacific's rights.

87.    Defendants' unauthorized commercial use of phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their facilities and services, in interstate commerce, has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

88.    Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

89.    Georgia-Pacific is informed and believes, and on that basis alleges, that by Defendants' aforementioned acts, Defendants have willfully intended to trade upon Georgia-Pacific's business, reputation and goodwill.

90.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

91.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## IX.  SIXTH CLAIM FOR RELIEF

**Against all Defendants for Trademark Dilution Under California Business & Professions Code § 14330 and California Common Law**

92.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 91 of this Complaint as though fully set forth herein.

93.    This is an action for dilution in violation of California Business & Professions Code §§ 14330 and 14335.

94.    Georgia-Pacific's **ANGEL SOFT** Trademarks are famous, and became famous prior to the acts of Defendants complained of herein.

95.    Defendants' unauthorized use of similar phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their goods has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

96.    Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

97.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

98.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## X.  SEVENTH CLAIM FOR RELIEF

### Against all Defendants for Unfair Competition Under California Business & Professions Code § 17200 and California Common Law

99.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 98 of this Complaint as though fully set forth herein.

100.    This is an action for unfair competition arising under California Business & Professions Code § 17200, *et seq.* and the common law of the State of California.

101.    By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of California Business & Professions Code §§ 17200, *et seq.* and the common law of California.

102.    Defendants' aforementioned acts constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Georgia-Pacific.

103.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

1    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

2    adequate remedy at law.

3    ## XI. EIGHTH CLAIM FOR RELIEF

4    **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

5    **Violation of 15 U.S.C. § 1124**

6    104.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

7    paragraphs 1 – 103 of this Complaint as though fully set forth herein.

8    105.    This is an action for unlawful importation of goods bearing infringing marks in

9    violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

10    106.    This Court has jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a).  Venue is

11    proper under 28 U.S.C. § 1391(b).

12    107.    Upon information and belief, Defendants import the "Angel" products from

13    outside of the United States.  As described herein, these "Angel" products bear marks and

14    images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

15    108.    By virtue of the acts complained of herein, Defendants have unlawfully imported

16    goods bearing infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

17    109.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

18    irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

19    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

20    adequate remedy at law.

21    ## XII. NINTH CLAIM FOR RELIEF

22    **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

23    **Violation of 19 U.S.C. § 1526(a)**

24    110.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

25    paragraphs 1 – 109 of this Complaint as though fully set forth herein.

26    111.    This is an action for unlawful importation of goods bearing infringing marks in

27    violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a)).

28

1  112. Upon information and belief, Defendants import the "Angel" products from

2 outside of the United States.  As described herein, these "Angel" products bear marks and

3 images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

4  113. By virtue of the acts complained of herein, Defendants have unlawfully imported

5 goods bearing infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C.

6 § 1526(a)).

7  114. By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

8 irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

9 this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

10 adequate remedy at law.

11       **XIII.  TENTH CLAIM FOR RELIEF**

12   **Against Yan Wholesale for Cancellation of State Trademark Registration**

13  115. Georgia-Pacific hereby repeats, realleges, and incorporates by reference

14 paragraphs 1 – 114 of this Complaint as though fully set forth herein.

15  116. This is an action for cancellation of Yan Wholesale's California trademark

16 registration number 109928 arising under California Business & Professions Code § 14281 or

17 § 14282.

18  117. By virtue of Georgia-Pacific's prior use and federal registration of its **ANGEL**

19 **SOFT** Trademarks, cancellation of Yan Wholesale's state registration is proper.

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS<sup>LLP</sup> NSD\89083.4      COMPLAINT AND DEMAND FOR JURY TRIAL
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY     17

1    **PRAYER FOR RELIEF**

2    WHEREFORE, Georgia-Pacific prays for judgment against Defendants as follows:

3    1.    That the Court enter judgment in favor of Georgia-Pacific and against Defendants

4    on all claims for relief alleged herein;

5    2.    That the Court enter judgment that Defendants have violated the provisions of

6    15 U.S.C. § 1114 by infringing Georgia-Pacific's trademark rights in its federally registered

7    **ANGEL SOFT** Trademarks;

8    3.    That Defendants be adjudged to have infringed Georgia-Pacific's **ANGEL SOFT**

9    Trademarks in violation of the common law of California;

10    4.    That the Court enter judgment that Defendants have violated the provisions of

11    15 U.S.C. § 1125(a) by infringing Georgia-Pacific's rights in its **ANGEL SOFT** Trademarks;

12    5.    That Defendants be adjudged to have willfully violated the provisions of

13    15 U.S.C. § 1114 by infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

14    6.    That Defendants be adjudged to have willfully infringed Georgia-Pacific's

15    **ANGEL SOFT** Trademarks in violation of the common law of California;

16    7.    That Defendants be adjudged to have willfully violated the provisions of

17    15 U.S.C. § 1125(a) by using a false designation of origin, false description, false representation,

18    or false advertising in connection with their products;

19    8.    That Defendants be adjudged to have diluted the distinctive quality of Georgia-

20    Pacific's **ANGEL SOFT** Trademarks in violation of 15 U.S.C. § 1125(c);

21    9.    That Defendants be adjudged to have diluted the distinctive quality of Georgia-

22    Pacific's **ANGEL SOFT** Trademarks in violation of California Business & Professions Code

23    §§ 14330 and 14335;

24    10.    That Defendants be adjudged to have unfairly competed with Georgia-Pacific

25    under California Business & Professions Code §§ 17200, *et seq.*

26    11.    That Defendants be adjudged to have unfairly competed with Georgia-Pacific

27    under the common law of the State of California;

28

1      12.    That Defendants be adjudged to have unlawfully imported goods bearing

2  infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124);

3      13.    That Defendants be adjudged to have unlawfully imported goods bearing

4  infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a));

5      14.    That Defendant Yan Wholesale's California registration number 109928 be

6  cancelled;

7      15.    That Defendants, each of their agents, servants, employees, attorneys, successors

8  and assigns, and all other persons in active concert or participation with any of them who receive

9  actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and

10  permanently enjoined from:

11            a.    using Georgia-Pacific's **ANGEL SOFT** Trademarks in connection with

12                  Defendants' goods, using **ANGEL SOFT** Trademarks in advertising or

13                  promoting Defendants' goods, or using confusingly similar variations of

14                  **ANGEL SOFT** Trademarks in any manner which is likely to create the

15                  impression that Defendants' goods originate from Georgia-Pacific, are

16                  endorsed by Georgia-Pacific, or are connected in any way with Georgia-

17                  Pacific;

18            b.    otherwise infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

19            c.    diluting the distinctive quality of Georgia-Pacific's **ANGEL SOFT**

20                  Trademarks;

21            d.    falsely designating the origin of Defendants' goods;

22            e.    falsely advertising Defendants' goods;

23            f.    unfairly competing with Georgia-Pacific in any manner whatsoever; and

24            g.    importing, purchasing, distributing, selling, or offering for sale goods

25                  bearing marks confusingly similar to Georgia-Pacific's **ANGEL SOFT**

26                  Trademarks; and

27            h.    causing a likelihood of confusion or injury to Georgia-Pacific's business

28                  reputation;

16. That Defendants be directed to file with this Court and serve on Georgia-Pacific within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

17. That Defendants be required to account to Georgia-Pacific for any and all profits derived by them and all damages sustained by Georgia-Pacific by virtue of Defendants' acts complained of herein;

18. That Defendants be ordered to pay over to Georgia-Pacific all damages which Georgia-Pacific has sustained as a consequence of the acts complained of herein, subject to proof at trial;

19. That Georgia-Pacific be awarded treble damages pursuant to 15 U.S.C. § 1117;

20. That an award of reasonable costs, expenses and attorneys' fees be awarded to Georgia-Pacific pursuant to 15 U.S.C. § 1117;

21. That Georgia-Pacific be awarded exemplary damages from Defendants pursuant to California Civil Code § 3294;

22. That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other materials bearing the infringing marks or images pursuant to 15 U.S.C. § 1118;

23. That Georgia-Pacific be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

Dated: December 20, 2007          LATHAM & WATKINS LLP

By: _____
Stephen P. Swinton
Attorneys for Plaintiff
Georgia-Pacific Consumer Products LP
E-mail: steve.swinton@lw.com

1

**JURY TRIAL DEMANDED**

2      Georgia-Pacific demands a trial by jury on all issues raised by this Complaint which are

3  triable by jury.

4  Dated:  December 20, 2007                    LATHAM & WATKINS LLP

5
                                              By: _____
6                                                 Stephen P. Swinton
                                                  Attorneys for Plaintiff
7                                                 Georgia-Pacific Consumer Products LP
                                                  E-mail: steve.swinton@lw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

# United States Patent Office

781,414
Registered Dec. 8, 1964

## PRINCIPAL REGISTER
## Trademark

Ser. No. 150,668, filed Aug. 7, 1962

# ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
477 Madison Ave.
New York 22, N.Y., assignee of
Angel Soft Tissue Mills, Inc. (New York corporation)
New York, N.Y.

For: DISPOSABLE PAPER TISSUES, TOILET TIS-
SUES, AND PAPER NAPKINS, in CLASS 37.
First use 1944; in commerce 1944.
No claim is made to "Soft" apart from the mark as
shown.

Int. Cl.: 16

Prior U.S. Cl.: 37

Reg. No. 1,172,215

## United States Patent and Trademark Office

Registered Oct. 6, 1981

### TRADEMARK
**Principal Register**

## ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
320 Post Rd.
Darien, Conn. 06820

For: DISPOSABLE PAPER TISSUES, BATH-
ROOM TISSUES, PAPER NAPKINS AND PA-
PER TOWELS, in CLASS 16 (U.S. Cl. 37).
   First use 1944; in commerce 1944.
   Owner of U.S. Reg. Nos. 770,925 and 781,414.
   The word "Soft" is disclaimed apart from the
mark as shown without prejudice to applicant's
common law rights.

   Ser. No. 227,133, filed Aug. 13, 1979.

HENRY S. ZAK, Primary Examiner

**Int. Cl.: 16**

**Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50**

**Reg. No. 2,512,417**

## United States Patent and Trademark Office

Registered Nov. 27, 2001

### TRADEMARK
### PRINCIPAL REGISTER



GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
ATLANTA, GA 30303

FOR: BATHROOM TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 5-1-2000; IN COMMERCE 5-1-2000.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 1,917,281.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SER. NO. 76-169,106, FILED 11-21-2000.

BERYL GARDNER, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,972,819
Registered July 19, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

133 PEACHTREE STREET, NE

ATLANTA, GA 30303

FOR: FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 2-28-2003; IN COMMERCE 2-28-2003.

OWNER OF U.S. REG. NOS. 781,414, 2,512,417, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SN 78-167,367, FILED 9-24-2002.

ROBIN CHOSID, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,989,711
Registered Aug. 30, 2005

**TRADEMARK**
**PRINCIPAL REGISTER**

# ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

GA030-41N

133 PEACHTREE STREET, N.E.

ATLANTA, GA 30303

FOR: BATH TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1944; IN COMMERCE 0-0-1944.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

SEC. 2(F).

SER. NO. 78-446,906, FILED 7-7-2004.

JOHN GARTNER, EXAMINING ATTORNEY

Exhibit F

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,912,982
Registered Dec. 21, 2004

## TRADEMARK
### PRINCIPAL REGISTER

### ANGEL SOFT PS

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
GA030-4IN
133 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

FOR: BATH TISSUE AND FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-292,116, FILED 8-26-2003.

JASON TURNER, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,546,897
Registered Mar. 12, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN ACTION

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR HEROIC OR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-27-2000; IN COMMERCE 6-27-2000.

SER. NO. 76-215,924, FILED 2-26-2001.

DAYNA BROWNE, EXAMINING ATTORNEY

Exhibit H

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

**United States Patent and Trademark Office**

Reg. No. 2,841,759
Registered May 11, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

# ANGELS IN THE CLASSROOM

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
GA030-41N
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO SCHOOL CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NO. 2,546,897.

SN 78-181,611, FILED 11-5-2002.

MARIA-VICTORIA SUAREZ, EXAMINING ATTORNEY

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Georgia-Pacific Consumer Products LP, a Delaware limited partnership | See Addendum  **07 DEC 20  AM 11: 50** |

(b)  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **CLERK, U.S. DISTRICT COURT  Los Angeles, CA.**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY: _____ DEPUTY

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Stephen P. Swinton, Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130-2071 (858) 523-5400

Attorneys (If Known)

**'07 CV 2390 JAH POR**

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114; 15 U.S.C. § 1125

Brief description of cause:
Trademark infringement; trademark dilution

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  12/20/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  145758    AMOUNT  $350    12/20/07 BY    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 145758    – BH
* * C O P Y * *
December 20, 2007
11:45:51**

**Civ Fil Non-Pris**
USAO #.: 07CV2390 CIVIL FILING
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CK
Check#.: BC# 6508

**Total->    $350.00**

FROM: CIIVL FILING
      GEORGIA PACIFIC V. YAN WHOLESA