1   LATHAM & WATKINS LLP
    Stephen P. Swinton (Bar No. 106398)
2   steve.swinton@lw.com
    Adam A. Welland (Bar No. 228680)
3   adam.welland@lw.com
    12636 High Bluff Drive, Suite 400
4   San Diego, California  92130-2071
    Telephone:  (858) 523-5400
5
    Attorneys for Plaintiff
6   GEORGIA-PACIFIC CONSUMER PRODUCTS LP

7   Wendy L. Slavkin (Bar No. 89100)
    Attorney at Law
8   wlslavkin@aol.com
    11707 Sunset Boulevard, Suite 24
9   Los Angeles, California 90049
    Telephone:  (310) 476-1959
10
    Attorney for Defendants
11  Allen Yan Chow and Yan Wholesale

12  Roman Rushinsky
    Romansd@gmail.com
13  4115 37th Street
    San Diego, CA 92105
14  Telephone:  (619) 850-4222

15  On behalf of himself and Defendant
    Rush Wholesale
16

17              IN THE UNITED STATES DISTRICT COURT

18          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

19

20  GEORGIA-PACIFIC CONSUMER            )  Civil Action No.  07-CV-02390 JAH POR
    PRODUCTS LP, a Delaware limited     )
21  partnership,                        )  **JOINT MOTION FOR LEAVE TO FILE**
                                        )  **FIRST AMENDED COMPLAINT**
22              Plaintiff,              )
                                        )
23          v.                          )
                                        )
24  YAN WHOLESALE; RUSH WHOLESALE;      )
    YES WHOLESALE; ALLEN YAN CHOW,      )
25  an individual; ROMAN RUSHINSKY, an  )
    individual; GLEB TABACHNIK, an      )
26  individual; and DOES 1 – 100,       )
                                        )
27              Defendants.             )
                                        )
28  _____    )

1    The parties, through their respective counsel of record, hereby stipulate and jointly move

2  for an order permitting Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") to

3  file a First Amended Complaint, as follows:

4                                                **Recitals**

5    1.    Georgia-Pacific filed its original Complaint in this action on December 20, 2007.

6    2.    The only defendants that have appeared to date in this action include Yan

7  Wholesale, Allen Yan Chow, Rush Wholesale, and Roman Rushinsky.

8    3.    Georgia-Pacific has learned of additional sources of 'Angel' bathroom tissue

9  products and wishes to add these sources as defendants.

10                                              **Stipulation**

11    In light of the foregoing, the parties hereby stipulate that good cause exists to issue an

12  Order as follows:

13    1.    Georgia-Pacific shall be permitted to file its First Amended Complaint, in the

14  form attached hereto as Exhibit 1.

15    2.    Georgia-Pacific's First Amended Complaint shall be, and hereby is, deemed filed

16  as of the date of this Order.  Furthermore, Georgia-Pacific's First Amended Complaint shall be

17  deemed served upon Defendants Allen Yan Chow, Yan Wholesale, Roman Rushinsky, Rush

18  Wholesale, Gleb Tabachnik, and Yes Wholesale upon mail or consensual electronic service of

19  this Order, consistent with the requirements of Federal Rule of Civil Procedure 5.

20

21  Dated:  February 26, 2008                    LATHAM & WATKINS LLP

22

                                            By:   /s/ Stephen P. Swinton
23                                               Stephen P. Swinton
                                                 Attorneys for Plaintiff
24                                               Georgia-Pacific Consumer Products LP
                                                 E-mail: steve.swinton@lw.com
25

26

27

28

1   Dated:  February 26, 2008                    Wendy L. Slavkin

2

                                         By:   /s/ Wendy L. Slavkin
3                                              Wendy L. Slavkin
                                               Attorney for Defendants
4                                              Allen Yan Chow and Yan Wholesale
                                               E-mail: wlslavkin@aol.com
5

6   Dated:  February 26, 2008                    Roman Rushinsky

7

                                         By:   /s/ Roman Rushinsky
8                                              Roman Rushinsky
                                               on behalf of himself and Defendant
9                                              Rush Wholesale
                                               E-mail: Romansd@gmail.com.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1
LATHAM & WATKINS LLP
Stephen P. Swinton (Bar No. 106398)
2
steve.swinton@lw.com
Adam A. Welland (Bar No. 228680)
3
adam.welland@lw.com
12636 High Bluff Drive, Suite 400
4
San Diego, California  92130-2071
Telephone:  (858) 523-5400
5
Facsimile:   (858) 523-5450

6
Attorneys for Plaintiff,
GEORGIA-PACIFIC CONSUMER
7
PRODUCTS LP

8
IN THE UNITED STATES DISTRICT COURT

9
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware limited | Civil Action No.  07-CV-02390 JAH POR |
| 11   partnership, | **FIRST AMENDED COMPLAINT FOR: (1) FEDERAL TRADEMARK** |
| 12          Plaintiff, | **INFRINGEMENT; (2) COMMON LAW TRADEMARK INFRINGEMENT; (3)** |
| 13      v. | **FEDERAL FALSE DESIGNATION OF ORIGIN; (4) FEDERAL FALSE** |
| 14   YAN WHOLESALE; RUSH WHOLESALE; YES WHOLESALE; RUNHUI PAPER CO., | **ADVERTISING; (5) FEDERAL DILUTION; (6) CALIFORNIA** |
| 15   LTD.; a Chinese Corporation; SHANTOU KID TOYS CO., LTD., a Chinese | **STATUTORY DILUTION; (7) CALIFORNIA STATUTORY AND** |
| 16   Corporation; FOOK WOO ASSORTED PAPER CO., a Chinese Corporation; | **COMMON LAW UNFAIR COMPETITION; (8) UNLAWFUL** |
| 17   ZHONGSAN SANJIAO PAPER MANUFACTURING CO., LTD., a Chinese | **IMPORTATION OF GOODS BEARING INFRINGING MARK; (9) VIOLATION** |
| 18   Corporation; ZHONGSAN ZHONGSAN PAPER GROUP, a Chinese Corporation; | **OF TARIFF ACT SECTION 1526; AND (10) CANCELLATION OF A** |
| 19   ALLEN YAN CHOW, an individual; ROMAN RUSHINSKY, an individual; GLEB | **CALIFORNIA REGISTRATION.** |
| 20   TABACHNIK, an individual; and DOES 6 – 100, | **DEMAND FOR JURY TRIAL** |
| 21 | |
| 22          Defendants. | |
| 23 | |

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1    Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") alleges as follows:

2    1.    Georgia-Pacific owns several incontestable federally registered trademarks for the

3    **ANGEL SOFT®** mark.  This is an action for trademark infringement arising under Section 32

4    of the Lanham Act (15 U.S.C. § 1114), common law trademark infringement, false designation

5    of origin arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), false advertising

6    arising under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), federal dilution arising

7    under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), statutory dilution arising under

8    California Business & Professions Code § 14330, statutory unfair competition arising under

9    California Business & Professions Code §§ 17200 *et seq.* and unfair competition arising under

10    the common law of the State of California, unlawful importation of trademark infringing goods

11    arising under Section 42 of the Lanham Act (15 U.S.C. § 1124), unlawful importation of

12    trademark infringing goods arising under the Section 1526(a) of the Tariff Act (19 U.S.C.

13    § 1526), and cancellation of California Registration Number 109928 pursuant to California

14    Business & Professions Code §§ 14281 or 14282.

15    ## I.  JURISDICTION AND VENUE

16    2.    This action is within the subject matter jurisdiction of this Court by virtue of the

17    Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court also has

18    supplemental jurisdiction over Georgia-Pacific's state law claims pursuant to 28 U.S.C.

19    § 1367(a).

20    3.    Defendants are subject to the jurisdiction of this Court pursuant to the laws of this

21    State and the Federal Rules of Civil Procedure.  Upon information and belief, Defendants

22    participate in the promotion, advertising, and sale of unauthorized goods in this State and in this

23    district.

24    4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a

25    substantial portion of the events giving rise to this action occurred in this district.  Georgia-

26    Pacific is informed and believes that Defendants distribute, sell, or otherwise have introduced

27    into the stream of commerce within this judicial district products bearing the infringing

28    trademark.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1

5.      Georgia-Pacific is informed and believes and thereupon alleges that venue also is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that one or more Defendants may be found in this judicial district.

## II. **THE PARTIES**

6.      Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") is a Delaware limited partnership having its principal place of business at 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

7.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Yan Wholesale is a private company with a principal place of business at 17534 Vacas Circle, Fountain Valley, California 92702.

8.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Allen Yan Chow ("Chow") is an individual that has distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing Trademark.  Upon information and belief, Chow is the owner of Yan Wholesale.

9.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Rush Wholesale is a private company with a principal place of business at 2510 Howard Avenue, #1, San Diego, California 92104.

10.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Roman Rushinsky ("Rushinsky") is an individual residing and/or doing business in the County of San Diego at 8310 Regents Road, Apartment 3K, San Diego, California, 92122. Upon information and belief, Rushinsky is the owner of Rush Wholesale.

11.      Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Yes Wholesale is a private company with a principal place of business at 529 Buena Vista Avenue, Apartment #305, Alameda, California 94501.

12.      Georgia-Pacific is informed and believes, and on that basis alleges, that Gleb Tabachnik is an individual residing and/or doing business in 529 Buena Vista Avenue, Apartment #305, Alameda, California 94501.  Upon information and belief, Defendant Gleb Tabachnik is the owner of Yes Wholesale of Mexico.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

2

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

13.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number One, RunHui Paper Co., Ltd., is a Chinese corporation with its principal place of business at 40 Hubin North Road, Zhong Shan, China.  Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Run Hui Paper Co., Ltd. has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

14.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number Two, Shantou Kid Toys Co., Ltd., is a Chinese corporation with its principal place of business at Room 203, 5nd Building, Jinguan Yuan, Wenguan Road, Chenghai District, Shantou City, Guang-Dong, China.  Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Shantou Kid Toys Co., Ltd. has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

15.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number Three, Fook Woo Assorted Paper Co., is a Chinese corporation with its principal place of business at Lian Wu Management District, Yuan Zhou Town, Bo Luo, Guang Dong, China .  Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Fook Woo Assorted Paper Co. has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

16.     Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number Four, Zhongsan Sanjiao Paper Manufacturing Co. Ltd., is a Chinese corporation with its principal place of business at Ai Guo Industry District, Triangle Town, Zhong Shan City, China.  Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Zhongsan Sanjiao Paper Manufacturing Co. Ltd. has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY
SD\618676.1

3

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

17.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Doe Number Five, Zhongshan Zhognsan Paper Group, is a Chinese corporation with its principal place of business at Sha Lang High-Tech Development District, West District, Zhong Shan City, China.  Georgia-Pacific is informed and believes, and on that basis alleges, that Defendant Zhongshan Zhognsan Paper Group has manufactured, distributed, sold, or otherwise introduced into the stream of commerce within this judicial district products bearing the infringing trademark.

18.    Georgia-Pacific is unaware of the true names and capacities of Defendants named herein as Does 6 through 100, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named Defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Plaintiff therefore sues these Defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.  (Collectively, Yan Wholesale, Rush Wholesale, Allen Yan Chow, Roman Rushinsky, Yes Wholesale, Gleb Tabachnik, RunHui Paper Co., Ltd., Shantou Kid Toys Co., Ltd., Fook Woo Assorted Paper Co., Zhongsan Sanjiao Paper Manufacturing Co., Ltd., Zhongsan Zhongsan Paper Group, and Does 6 through 100 will be referred to herein as "Defendants.").

## III.  GENERAL ALLEGATIONS

**A.    Georgia-Pacific's Federally Registered ANGEL SOFT® Trademarks**

19.    Georgia-Pacific Consumer Products LP is one of the world's leading manufacturers and marketers of tissue, towels, napkins, cups, plates, cutlery and related tabletop items, including bathroom tissue sold under the **ANGEL SOFT®** brand.

20.    Georgia-Pacific and its predecessors in interest first began using the **ANGEL SOFT®** brand in connection with selling bathroom tissue in 1944.

21.    Georgia-Pacific and its predecessors in interest have used the **ANGEL SOFT®** marks for bathroom tissue continuously since that time.

22.    Georgia-Pacific is the owner of several federally registered trademarks to protect its **ANGEL SOFT®** brand and family of trademarks used in connection with bathroom tissue.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

4

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

23.    Georgia-Pacific and its predecessors in interest have applied for and obtained federal trademark registrations for Angel Soft including U.S. Registration Numbers 781,414; 1,172,215; 2,512,417; 2,972,819; and 2,989,711.  Georgia-Pacific also owns two additional Angel marks, U.S. Registration Numbers 2,546,897 and 2,841,759.  True and correct copies of the federal registration certificates for these trademarks are attached hereto as Exhibits A - G. For purposes of this Complaint, Georgia-Pacific alleges violation only of Registration Numbers 781,414; 1,172,215; and 2,512,417.  In accordance with 15 U.S.C. § 1065, based upon widespread and continuous use, Registration Numbers 781,414 and 1,172,215 have achieved incontestable status.

24.    Georgia-Pacific is the current owner of the **ANGEL SOFT®** trademark by virtue of valid assignments.

25.    A representative sample of Georgia-Pacific's **ANGEL SOFT®** bathroom tissue is shown below:



26.    Georgia-Pacific also owns the **ANGEL SOFT PS®** mark for bathroom tissue that it distributes through commercial channels.

27.    Georgia-Pacific first began using the **ANGEL SOFT PS®** mark in commerce in conjunction with bathroom tissue at least as early as January 31, 2003.  Georgia-Pacific has used the **ANGEL SOFT PS®** mark continuously since that time.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

5

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

28.    The following picture depicts the current product configuration and packaging of a typical **ANGEL SOFT PS®** commercial product:



29.    Georgia-Pacific has applied for and obtained federal trademark registrations for "**ANGEL SOFT PS®**" including U.S. Registration Number 2,912,982, which Georgia-Pacific also asserts here.  A true and correct copy of the federal registration certificate for this trademark is attached hereto as Exhibit H.  Both the "**ANGEL SOFT**" and "**ANGEL SOFT PS**" trademarks are collectively referred to herein as the "**ANGEL SOFT** Trademarks."

**B.    Georgia-Pacific's Sale and Marketing of Products Bearing the ANGEL SOFT Trademarks**

30.    Georgia-Pacific markets and sells its **ANGEL SOFT®** product line throughout the United States, including in Southern California and the County of San Diego.

31.    Georgia-Pacific has invested heavily in advertising and promoting its **ANGEL SOFT®** brand and products for more than six decades.  This advertising consistently has used the **ANGEL SOFT** Trademarks.  In the U.S. in 2006 alone, Georgia-Pacific spent over $22 million advertising and promoting bathroom tissue sold under the **ANGEL SOFT** Trademarks.

32.    In the U.S., this advertising has included television commercials, print publications, radio commercials, billboards, live promotions, sponsorship of large events, trade shows, brochures, and internet promotions.

33.    This advertising and promotion has been continuous, and has also included numerous large-scale campaigns that have stood out for consumers.  Some examples include the "Angels in Action" and "Bathroom Moments" campaigns, which received significant media attention and coverage.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

6

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

34.    Georgia-Pacific also created a website (www.angelsoft.com) to promote its **ANGEL SOFT** Trademarks and products.  This website launched in 2003 and currently receives an average of 4,145 visitors per month.  Georgia-Pacific also distributes point-of-sale items that promote the **ANGEL SOFT** Trademarks and products.

35.    Georgia-Pacific has directed a portion of its advertising for the **ANGEL SOFT** Trademarks toward the Spanish-speaking market.  Since 2005, Georgia-Pacific paid for numerous television and radio advertisements in these markets, including but not limited to Los Angeles, Phoenix and Houston, along with other national advertisements in 2007.

36.    The U.S. is the largest market for bathroom tissue sold under the **ANGEL SOFT** Trademarks.  Georgia-Pacific sells bathroom tissue under the **ANGEL SOFT** Trademarks in both the retail and commercial channels.  For example, **ANGEL SOFT®** bathroom tissue is sold through the retail channel in large retail chain stores such as Wal*Mart, Target, Winn Dixie, and Walgreen's, discount retail stores such as Big Lots, Family Dollar, Dollar General, Fred's, $0.99 Stores, Canned Foods, and McFrugles, and in tens of thousands independent retail stores located across the country.  Georgia-Pacific sells its **ANGEL SOFT PS®** bathroom tissue in the commercial channel to distributors such as US Foodservice, SYSCO, Xpedx, and Lagasse Sweet which then distribute **ANGEL SOFT PS®** to well-known commercial end users such as Hampton Inn, Sheraton Hotels, The Walt Disney Company, Hyatt Hotels and Little Caesar Enterprises, Inc.

37.    Georgia-Pacific's **ANGEL SOFT®** brand bathroom tissue has been tremendously successful.  Since 1944, Georgia-Pacific has sold billions of dollars worth of bathroom tissue under the **ANGEL SOFT** Trademarks in the U.S., Canada and Mexico.  In particular, from 2004 through 2006, U.S. sales of bathroom tissue sold under the **ANGEL SOFT** Trademarks totaled over $2 billion.  Much of this success is attributable to the quality and distinctive trademarks of the **ANGEL SOFT®** product line.

38.    The products sold under the **ANGEL SOFT** Trademarks must meet Georgia-Pacific's rigorous standards of quality.  As a result, Georgia-Pacific endures significant expense to ensure that its products sold under the **ANGEL SOFT** Trademarks adhere to high quality

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

7

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1  standards.  Some examples of the quality control efforts in place by Georgia-Pacific include, but

2  are not limited to, measuring and controlling the quality of the base sheet of the bathroom tissue

3  during production; measuring and recording the finished bathroom tissue rolls at least once per

4  day per manufacturing line; conducting periodic workmanship audits of the bathroom tissue

5  itself as well as the packaging, box and pallet; and conducting softness panels to judge sensory

6  softness.

7      39.    By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

8  product line, the **ANGEL SOFT** Trademarks have acquired great value as identifiers of the

9  source of the bathroom tissue and to distinguish the products from those of others.

10      40.    By virtue of the substantial use, sale and promotion of the **ANGEL SOFT®**

11  product line, the **ANGEL SOFT** Trademarks have become famous.  The **ANGEL SOFT®**

12  product line and the **ANGEL SOFT** Trademarks have been famous since long before

13  Defendants began their infringing activities.

14      41.    The **ANGEL SOFT** Trademarks are extremely valuable to Georgia-Pacific as an

15  identifier of its products, Georgia-Pacific's quality goods, and of the substantial customer

16  goodwill that Georgia-Pacific has earned over many years in the market.

17  **C.    Defendants' Infringement of the ANGEL SOFT Trademarks**

18      42.    Georgia-Pacific is informed and believes, and on that basis alleges, that

19  Defendants are engaged in the business of importing, promoting, distributing, and selling

20  bathroom tissue, among other articles.

21      43.    Georgia-Pacific is informed and believes, and on that basis alleges, that without

22  permission or authority from Georgia-Pacific, Defendants have infringed Georgia-Pacific's

23  **ANGEL SOFT** Trademarks in interstate commerce by importing, making, using, promoting,

24  advertising, selling and/or offering to sell bathroom tissue under the name "Angel."  The marks

25  and images used on the "Angel" products are confusingly similar in appearance to Georgia-

26  Pacific's **ANGEL SOFT** Trademarks.  Defendants' "Angel" bathroom tissue products include at

27  least the following products: Angel 500, Angel 600, Angel 650, and Angel 1500.

28

LATHAM&WATKINS   SD\618676.1
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

8

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

44.    A representative picture of Defendants' infringing "Angel 600" product is shown below:



45.    A representative picture of Defendants' infringing "Angel 1500" product is shown below:



46.    As shown in the pictures above, Defendants' bathroom tissue is sold in packaging that includes marks and images that are confusingly similar in appearance to that of Georgia-Pacific's **ANGEL SOFT** Trademarks and **ANGEL SOFT®** and **ANGEL SOFT PS®** product lines.

47.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' unauthorized use of Georgia-Pacific's **ANGEL SOFT** Trademarks is intended to trade upon the goodwill and substantial recognition associated with Georgia-Pacific's **ANGEL SOFT®** and **ANGEL SOFT PS®** lines of bathroom tissue.

48.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants are using Georgia-Pacific's **ANGEL SOFT** Trademarks in an attempt to associate themselves with Georgia-Pacific or otherwise trade upon Georgia-Pacific's reputation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

9

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

49.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' use of Georgia-Pacific's **ANGEL SOFT** Trademarks is designed to cause confusion, mistake or deception.

50.    Georgia-Pacific is informed and believes, and on that basis alleges, that it is Defendants' purpose to cause consumers and potential customers to believe that Defendants' "Angel" products are associated with Georgia-Pacific or its products when, in fact, they are not.

**D.    Other Allegations**

51.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Georgia-Pacific's business reputation, caused a strong likelihood of consumer confusion as to the source of origin or relationship of Georgia-Pacific's and Defendants' goods, and have otherwise competed unfairly with Georgia-Pacific.

52.    Georgia-Pacific is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

53.    Defendants' acts complained of herein have caused damage to Georgia-Pacific in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful actions.

54.    Defendants' acts complained of herein have caused Georgia-Pacific to suffer irreparable injury to its business.  Georgia-Pacific will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful actions complained of herein.

**E.    Yan Wholesale's Improperly Registered California Trademark**

55.    Upon information and belief, Defendant Yan Wholesale applied for, and on March 23, 2004, obtained California state registration number 109928 for the trademark "Angel" in a stylized design format.  A copy of what is believed to be the registered mark is attached hereto as Exhibit I.

56.    Georgia-Pacific is informed and believes and on that basis alleges that products bearing the "Angel" state registration mark have been and are being sold in various locations within this judicial district, including within the County of San Diego.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

10

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

57.     Georgia-Pacific has a prior and superior right in the **ANGEL SOFT** Trademarks dating as far back as 1944.  Georgia-Pacific's use of "Angel Soft" has been continuous since that time.

58.     Upon information and belief, Yan Wholesale's use of the trademark "Angel" and design post-dates this time period.

59.     Further, Georgia-Pacific's **ANGEL SOFT** Trademarks, upon information and belief, were registered and thus publicly available prior to Yan Wholesale's use and registration of California state registration number 109928.

60.     Yan Wholesale thus had at least constructive notice of Georgia-Pacific's use of a confusingly similar mark at the time it purported to have rights to its state registered service mark.

## IV.  FIRST CLAIM FOR RELIEF

### Against all Defendants for Trademark Infringement Under 15 U.S.C. § 1114

61.     Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 60 of this Complaint as though fully set forth herein.

62.     This is an action for trademark infringement arising from Section 32 of the Lanham Act, 15 U.S.C. § 1114.

63.     Georgia-Pacific owns the registered **ANGEL SOFT** Trademarks.

64.     The **ANGEL SOFT** Trademarks are arbitrary, fanciful, and/or suggestive, and at a minimum, have acquired a secondary meaning by purchasers and the public.

65.     Georgia-Pacific receives a tremendous amount of public recognition and critical acclaim for the products sold under the **ANGEL SOFT** Trademarks.  Through Georgia-Pacific's widespread and continuous use of the **ANGEL SOFT** Trademarks, these marks have acquired extensive goodwill, have developed a high degree of distinctiveness, and are famous, well known and recognized as identifying goods that originate from Georgia-Pacific.

66.     Defendants have used in commerce, without permission of Georgia-Pacific, marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks by using

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

11

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1  confusingly similar phrases and images in connection with the manufacturing, distribution,

2  selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-

3  Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and

4  mistake among customers and the public and to deceive the public into believing that

5  Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they

6  are not.

7       67.    Georgia-Pacific is informed and believes, and on that basis alleges, that

8  Defendants knew or should have known of Georgia-Pacific's ownership and prior use of the

9  **ANGEL SOFT** Trademarks.  Without the consent of Georgia-Pacific, Defendants have willfully

10  violated 15 U.S.C. § 1114.

11       68.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

12  Georgia-Pacific in an amount to be determined at trial.

13       69.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

14  irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

15  this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

16  adequate remedy at law.

17  <div align="center">**V.  <u>SECOND CLAIM FOR RELIEF</u>**</div>

18  <div align="center">**Against all Defendants for Common Law Trademark Infringement**</div>

19       70.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

20  paragraphs 1 – 69 of this Complaint as though fully set forth herein.

21       71.    This is an action for trademark infringement arising under the common law of the

22  State of California.

23       72.    By virtue of the acts complained of herein, Defendants have intentionally

24  infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and caused a likelihood of confusion

25  among the consuming public, thereby committing common law trademark infringement.

26       73.    Defendants' aforementioned acts have been fraudulent, oppressive and malicious,

27  and have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at

28  trial.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

12

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

74.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

# VI.  **THIRD CLAIM FOR RELIEF**

**Against all Defendants for False Designation of Origin Under 15 U.S.C. § 1125(a)**

75.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 74 of this Complaint as though fully set forth herein.

76.    This is an action for false designation of origin arising from Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.    Georgia-Pacific has marketed, advertised, and promoted the **ANGEL SOFT®** and **ANGEL SOFT PS®** product lines using the **ANGEL SOFT** Trademarks.  As a result of this marketing, advertising, and promotion, the **ANGEL SOFT** Trademarks have come to mean and are understood to signify Georgia-Pacific products, and are one of the ways by which those goods and services are distinguished from the goods and services of others in the same and in related fields.

78.    The **ANGEL SOFT** Trademarks are distinctive and have acquired secondary meaning by purchasers and the public associating the **ANGEL SOFT** Trademarks with Georgia-Pacific products.

79.    Defendants have used in commerce, without permission of Georgia-Pacific, marks and equivalent images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.  Defendants have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks and created a false designation of origin by using confusingly similar phrases and equivalent images in connection with the manufacturing, distribution, selling and/or promoting Defendants' goods with the intent to unfairly compete against Georgia-Pacific, to trade upon Georgia-Pacific's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods are associated with, sponsored by or approved by Georgia-Pacific, when they are not.

LATHAM&WATKINS LLP  SD\618676.1
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

13

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1    80.    Georgia-Pacific is informed and believes, and on that basis alleges, that

2   Defendants had actual knowledge of Georgia-Pacific's ownership and prior use of Georgia-

3   Pacific's **ANGEL SOFT** Trademarks, and without the consent of Georgia-Pacific, have willfully

4   violated 15 U.S.C. § 1125(a).

5    81.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

6   Georgia-Pacific in an amount to be determined at trial.

7    82.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

8   irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

9   this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

10   adequate remedy at law.

11    **VII.  <u>FOURTH CLAIM FOR RELIEF</u>**

12    **Against all Defendants for False Advertising Under 15 U.S.C. § 1125(a)**

13    83.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

14   paragraphs 1 – 82 of this Complaint as though fully set forth herein.

15    84.    This is an action for false advertising arising from Section 43(a) of the Lanham

16   Act, 15 U.S.C. § 1125(a).

17    85.    By virtue of the acts complained of herein, Defendants' conduct is likely to

18   confuse, mislead, or deceive purchasers or potential purchasers, and constitutes false advertising

19   in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20    **VIII.  <u>FIFTH CLAIM FOR RELIEF</u>**

21    **Against all Defendants for Trademark Dilution Under 15 U.S.C. § 1125(c)**

22    86.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

23   paragraphs 1 – 85 of this Complaint as though fully set forth herein.

24    87.    This is an action for federal dilution in violation of Section 43(c) of the Lanham

25   Act (15 U.S.C. § 1125(c)).

26    88.    Georgia-Pacific's **ANGEL SOFT** Trademarks are famous and well-known within

27   the meaning of 15 U.S.C. § 1125(c), and became famous prior to the acts of Defendants

28   complained of herein.

LATHAM&WATKINS ᴸᴸᴾ   SD\618676.1
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

14

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

89.     After the **ANGEL SOFT** Trademarks became famous and well-known, Defendants misappropriated the **ANGEL SOFT** Trademarks for their own use and commercial advantage, in blatant disregard for Georgia-Pacific's rights.

90.     Defendants' unauthorized commercial use of phrases and equivalent images to the **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale, and/or sale of their facilities and services, in interstate commerce, has caused and is likely to continue to cause dilution of the distinctive quality of the famous **ANGEL SOFT** Trademarks.

91.     Defendants' aforementioned acts are likely to tarnish, injure, or trade upon Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability to control its **ANGEL SOFT** Trademarks.

92.     Georgia-Pacific is informed and believes, and on that basis alleges, that by Defendants' aforementioned acts, Defendants have willfully intended to trade upon Georgia-Pacific's business, reputation and goodwill.

93.     Defendants' aforementioned acts have injured Georgia-Pacific and damaged Georgia-Pacific in an amount to be determined at trial.

94.     By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## IX.  SIXTH CLAIM FOR RELIEF

**Against all Defendants for Trademark Dilution Under California Business & Professions Code § 14330 and California Common Law**

95.     Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 94 of this Complaint as though fully set forth herein.

96.     This is an action for dilution in violation of California Business & Professions Code §§ 14330 and 14335.

97.     Georgia-Pacific's **ANGEL SOFT** Trademarks are famous, and became famous prior to the acts of Defendants complained of herein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

15

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1    98.    Defendants' unauthorized use of similar phrases and equivalent images to the

2    **ANGEL SOFT** Trademarks, on or in connection with the advertisement, offering for sale,

3    and/or sale of their goods has caused and is likely to continue to cause dilution of the distinctive

4    quality of the famous **ANGEL SOFT** Trademarks.

5    99.    Defendants' aforementioned acts are likely to tarnish, injure, or trade upon

6    Georgia-Pacific's business, reputation and goodwill, and to deprive Georgia-Pacific of the ability

7    to control its **ANGEL SOFT** Trademarks.

8    100.    Defendants' aforementioned acts have injured Georgia-Pacific and damaged

9    Georgia-Pacific in an amount to be determined at trial.

10    101.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

11    irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

12    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

13    adequate remedy at law.

14    <center>**X.  SEVENTH CLAIM FOR RELIEF**</center>

15    <center>**Against all Defendants for Unfair Competition Under California Business & Professions**</center>

16    <center>**Code § 17200 and California Common Law**</center>

17    102.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

18    paragraphs 1 – 101 of this Complaint as though fully set forth herein.

19    103.    This is an action for unfair competition arising under California Business &

20    Professions Code § 17200, *et seq.* and the common law of the State of California.

21    104.    By virtue of the acts complained of herein, Defendants have intentionally caused

22    a likelihood of confusion among the public and have unfairly competed in violation of California

23    Business & Professions Code §§ 17200, *et seq.* and the common law of California.

24    105.    Defendants' aforementioned acts constitute unlawful, unfair, malicious or

25    fraudulent business practices, which have injured and damaged Georgia-Pacific.

26    106.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

27    irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY    SD\618676.1

16

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1    this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

2    adequate remedy at law.

3                    **XI.  EIGHTH CLAIM FOR RELIEF**

4    **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

5                    **Violation of 15 U.S.C. § 1124**

6            107.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

7    paragraphs 1 – 106 of this Complaint as though fully set forth herein.

8            108.    This is an action for unlawful importation of goods bearing infringing marks in

9    violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

10           109.    This Court has jurisdiction under 28 U.S.C. §§ 1338(b) and 1367(a).  Venue is

11   proper under 28 U.S.C. § 1391(b).

12           110.    Upon information and belief, Defendants import the "Angel" products from

13   outside of the United States.  As described herein, these "Angel" products bear marks and

14   images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

15           111.    By virtue of the acts complained of herein, Defendants have unlawfully imported

16   goods bearing infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124).

17           112.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such

18   irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by

19   this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no

20   adequate remedy at law.

21                   **XII.  NINTH CLAIM FOR RELIEF**

22   **Against all Defendants for Unlawful Importation of Goods Bearing Infringing Marks in**

23                   **Violation of 19 U.S.C. § 1526(a)**

24           113.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference

25   paragraphs 1 – 112 of this Complaint as though fully set forth herein.

26           114.    This is an action for unlawful importation of goods bearing infringing marks in

27   violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a)).

28

LATHAM&WATKINS LLP    SD\618676.1
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

17

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

115.    Upon information and belief, Defendants import the "Angel" products from outside of the United States.  As described herein, these "Angel" products bear marks and images that are confusingly similar to Georgia-Pacific's **ANGEL SOFT** Trademarks.

116.    By virtue of the acts complained of herein, Defendants have unlawfully imported goods bearing infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a)).

117.    By their actions, Defendants have irreparably injured Georgia-Pacific.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Georgia-Pacific's rights, for which Georgia-Pacific has no adequate remedy at law.

## XIII.  TENTH CLAIM FOR RELIEF

### Against Yan Wholesale for Cancellation of State Trademark Registration

118.    Georgia-Pacific hereby repeats, realleges, and incorporates by reference paragraphs 1 – 117 of this Complaint as though fully set forth herein.

119.    This is an action for cancellation of Yan Wholesale's California trademark registration number 109928 arising under California Business & Professions Code § 14281 or § 14282.

120.    By virtue of Georgia-Pacific's prior use and federal registration of its **ANGEL SOFT** Trademarks, cancellation of Yan Wholesale's state registration is proper.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

18

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Georgia-Pacific prays for judgment against Defendants as follows:

1.      That the Court enter judgment in favor of Georgia-Pacific and against Defendants on all claims for relief alleged herein;

2.      That the Court enter judgment that Defendants have violated the provisions of 15 U.S.C. § 1114 by infringing Georgia-Pacific's trademark rights in its federally registered **ANGEL SOFT** Trademarks;

3.      That Defendants be adjudged to have infringed Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of the common law of California;

4.      That the Court enter judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by infringing Georgia-Pacific's rights in its **ANGEL SOFT** Trademarks;

5.      That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

6.      That Defendants be adjudged to have willfully infringed Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of the common law of California;

7.      That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. § 1125(a) by using a false designation of origin, false description, false representation, or false advertising in connection with their products;

8.      That Defendants be adjudged to have diluted the distinctive quality of Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of 15 U.S.C. § 1125(c);

9.      That Defendants be adjudged to have diluted the distinctive quality of Georgia-Pacific's **ANGEL SOFT** Trademarks in violation of California Business & Professions Code §§ 14330 and 14335;

10.      That Defendants be adjudged to have unfairly competed with Georgia-Pacific under California Business & Professions Code §§ 17200, *et seq.*

11.      That Defendants be adjudged to have unfairly competed with Georgia-Pacific under the common law of the State of California;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

19

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1    12.    That Defendants be adjudged to have unlawfully imported goods bearing

2    infringing marks in violation of Section 42 of the Lanham Act (15 U.S.C. § 1124);

3    13.    That Defendants be adjudged to have unlawfully imported goods bearing

4    infringing marks in violation of Section 1526(a) of the Tariff Act (19 U.S.C. § 1526(a));

5    14.    That Defendant Yan Wholesale's California registration number 109928 be

6    cancelled;

7    15.    That Defendants, each of their agents, servants, employees, attorneys, successors

8    and assigns, and all other persons in active concert or participation with any of them who receive

9    actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and

10   permanently enjoined from:

11       a.    using Georgia-Pacific's **ANGEL SOFT** Trademarks in connection with

12            Defendants' goods, using **ANGEL SOFT** Trademarks in advertising or

13            promoting Defendants' goods, or using confusingly similar variations of

14            **ANGEL SOFT** Trademarks in any manner which is likely to create the

15            impression that Defendants' goods originate from Georgia-Pacific, are

16            endorsed by Georgia-Pacific, or are connected in any way with Georgia-

17            Pacific;

18       b.    otherwise infringing Georgia-Pacific's **ANGEL SOFT** Trademarks;

19       c.    diluting the distinctive quality of Georgia-Pacific's **ANGEL SOFT**

20            Trademarks;

21       d.    falsely designating the origin of Defendants' goods;

22       e.    falsely advertising Defendants' goods;

23       f.    unfairly competing with Georgia-Pacific in any manner whatsoever; and

24       g.    importing, purchasing, distributing, selling, or offering for sale goods

25            bearing marks confusingly similar to Georgia-Pacific's **ANGEL SOFT**

26            Trademarks; and

27       h.    causing a likelihood of confusion or injury to Georgia-Pacific's business

28            reputation;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\618676.1

20

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

16.      That Defendants be directed to file with this Court and serve on Georgia-Pacific within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

17.      That Defendants be required to account to Georgia-Pacific for any and all profits derived by them and all damages sustained by Georgia-Pacific by virtue of Defendants' acts complained of herein;

18.      That Defendants be ordered to pay over to Georgia-Pacific all damages which Georgia-Pacific has sustained as a consequence of the acts complained of herein, subject to proof at trial;

19.      That Georgia-Pacific be awarded treble damages pursuant to 15 U.S.C. § 1117;

20.      That an award of reasonable costs, expenses and attorneys' fees be awarded to Georgia-Pacific pursuant to 15 U.S.C. § 1117;

21.      That Georgia-Pacific be awarded exemplary damages from Defendants pursuant to California Civil Code § 3294;

22.      That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other materials bearing the infringing marks or images pursuant to 15 U.S.C. § 1118;

23.      That Georgia-Pacific be awarded such other and further relief as this Court may deem just.

                                        Respectfully submitted,

Dated:  February 26, 2008              LATHAM & WATKINS LLP


                                  By:   /s/ Stephen P. Swinton
                                        Stephen P. Swinton
                                        Attorneys for Plaintiff
                                        Georgia-Pacific Consumer Products LP
                                        E-mail: steve.swinton@lw.com

LATHAM&WATKINS LLP   SD\618676.1
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

21

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

1    **JURY TRIAL DEMANDED**

2        Georgia-Pacific demands a trial by jury on all issues raised by this Complaint which are

3    triable by jury.

4    Dated:  February 26, 2008                    LATHAM & WATKINS LLP

5

6                                By:   /s/ Stephen P. Swinton
                                    Stephen P. Swinton
7                                   Attorneys for Plaintiff
                                    Georgia-Pacific Consumer Products LP
8                                   E-mail: steve.swinton@lw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP    SD\618676.1
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

22

07-CV-02390 JAH POR
FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

**EXHIBIT A**

# United States Patent Office

**781,414**
**Registered Dec. 8, 1964**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 150,668, filed Aug. 7, 1962

## ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
477 Madison Ave.
New York 22, N.Y., assignee of
Angel Soft Tissue Mills, Inc. (New York corporation)
New York, N.Y.

For: DISPOSABLE PAPER TISSUES, TOILET TIS-
SUES, AND PAPER NAPKINS, in CLASS 37.
First use 1944; in commerce 1944.
No claim is made to "Soft" apart from the mark as
shown.

**EXHIBIT B**

**Int. Cl.: 16**

**Prior U.S. Cl.: 37**

**Reg. No. 1,172,215**

## United States Patent and Trademark Office

Registered Oct. 6, 1981

### TRADEMARK
**Principal Register**

### ANGEL SOFT

Hudson Pulp & Paper Corp. (Maine corporation)
320 Post Rd.
Darien, Conn. 06820

For: DISPOSABLE PAPER TISSUES, BATH-ROOM TISSUES, PAPER NAPKINS AND PA-PER TOWELS, in CLASS 16 (U.S. Cl. 37).

First use 1944; in commerce 1944.

Owner of U.S. Reg. Nos. 770,925 and 781,414.

The word "Soft" is disclaimed apart from the mark as shown without prejudice to applicant's common law rights.

Ser. No. 227,133, filed Aug. 13, 1979.

HENRY S. ZAK, Primary Examiner

**EXHIBIT C**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,512,417

Registered Nov. 27, 2001

**TRADEMARK**
**PRINCIPAL REGISTER**



GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
ATLANTA, GA 30303

FOR: BATHROOM TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 5-1-2000; IN COMMERCE 5-1-2000.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 1,917,281.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SER. NO. 76-169,106, FILED 11-21-2000.

BERYL GARDNER, EXAMINING ATTORNEY

**EXHIBIT D**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

United States Patent and Trademark Office

Reg. No. 2,972,819

Registered July 19, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

133 PEACHTREE STREET, NE

ATLANTA, GA 30303

FOR: FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 2-28-2003; IN COMMERCE 2-28-2003.

OWNER OF U.S. REG. NOS. 781,414, 2,512,417, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SOFT", APART FROM THE MARK AS SHOWN.

SN 78-167,367, FILED 9-24-2002.

ROBIN CHOSID, EXAMINING ATTORNEY

**EXHIBIT E**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

Reg. No. 2,989,711

## United States Patent and Trademark Office

Registered Aug. 30, 2005

### TRADEMARK
### PRINCIPAL REGISTER

# ANGEL SOFT

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)

GA030-41N

133 PEACHTREE STREET, N.E.

ATLANTA, GA 30303

FOR: BATH TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1944; IN COMMERCE 0-0-1944.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

SEC. 2(F).

SER. NO. 78-446,906, FILED 7-7-2004.

JOHN GARTNER, EXAMINING ATTORNEY

**EXHIBIT F**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,546,897
Registered Mar. 12, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN ACTION

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR HEROIC OR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-27-2000; IN COMMERCE 6-27-2000.

SER. NO. 76-215,924, FILED 2-26-2001.

DAYNA BROWNE, EXAMINING ATTORNEY

**EXHIBIT G**

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

## United States Patent and Trademark Office

Reg. No. 2,841,759

Registered May 11, 2004

## SERVICE MARK
### PRINCIPAL REGISTER

## ANGELS IN THE CLASSROOM

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
133 PEACHTREE STREET NE
GA030-41N
ATLANTA, GA 30303

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING INCENTIVES VIA A NATIONWIDE AWARD PROGRAM TO SCHOOL CHILDREN FOR CHARITABLE, EDUCATIONAL OR COMMUNITY ACHIEVEMENT, NAMELY, FOR COURAGEOUS COMMUNITY ACTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NO. 2,546,897.

SN 78-181,611, FILED 11-5-2002.

MARIA-VICTORIA SUAREZ, EXAMINING ATTORNEY

**EXHIBIT H**

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

**Reg. No. 2,912,982**

United States Patent and Trademark Office

Registered Dec. 21, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## ANGEL SOFT PS

GEORGIA-PACIFIC CORPORATION (GEORGIA CORPORATION)
GA030-41N
133 PEACHTREE STREET, N.E.
ATLANTA, GA 30303

FOR: BATH TISSUE AND FACIAL TISSUE, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-31-2003; IN COMMERCE 1-31-2003.

OWNER OF U.S. REG. NOS. 781,414, 1,172,215, AND 2,512,417.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PS", APART FROM THE MARK AS SHOWN.

SER. NO. 78-292,116, FILED 8-26-2003.

JASON TURNER, EXAMINING ATTORNEY

**EXHIBIT I**

© 2004, CT Corsearch. All Rights Reserved.
California Trademarks

Get Trademark Design

**Trademark Name:** ANGEL

(WORDS AND DESIGN)

**Serial Number:** 73600323

**Official Status:** REGISTERED

**Status Date:** March 23, 2004

**Goods/Services:** BATHROOM TISSUE, NAPKINS, KITCHEN TOWEL AND HAND TOWEL

**International Class:** 16 (PAPER GOODS AND PRINTED MATTER) - PRIMARY CLASS

**U.S. Class:** 37 (PAPER AND STATIONERY) - SECONDARY CLASS

**State of Registration:** CALIFORNIA

**Registration Number:** 109928

**Registration Date:** March 23, 2004

**Active/Inactive:** ACTIVE

**First Use Date:** August 21, 2002

**Word Count:** 1

**Description of Mark:** STYLIZED WORD "ANGEL" AND BABY ANGEL WITH SHORT CURLY HAIR, WINKING ITS LEFT ONE EYE, WINGS STRETCHED, HOLDING A HEART WITH BOTH HANDS AND WEARING HEAD BAND. ALL WITHIN A RECTANGLE BORDER WITH FLOWERY BACKGROUND

*********************** **OWNERSHIP INFORMATION** ***********************

**Owner:** YAN WHOLESALE
    17534 VACAS CIRCLE
    FOUNTAIN VALLEY, CA 92708
    AS OF March 23, 2004

**Registrant:** YAN WHOLESALE
    17534 VACAS CIRCLE
    FOUNTAIN VALLEY, CA 92708
    AS OF March 23, 2004

Tips

