UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware Limited partnership,<br><br>                              Plaintiff,<br>v.<br>YAN WHOLESALE, et. al.,<br><br>                              Defendants. | Civil No. 07cv2390 JAH (POR)<br><br>**ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br>[Doc. No. 20] |

Pending before the Court is Plaintiff's and Defendants Yan Wholesale, Allen Yan Chow, and Roman Rushinsky's[1] joint motion for leave for Plaintiff to file an amended complaint. The parties maintain Plaintiff has learned the identities of additional entities that it alleges infringes its trademark at issue in the pending action through informal disclosures made by Defendants. Plaintiff seeks to amend its complaint to five new defendants.

The filing of an amended complaint after a responsive pleading has been filed may be allowed by leave of court and such leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the

---

[1] Roman Rushinsky has attempted to move on behalf of Defendant Rush Wholesale, a private company, as owner of Rush Wholesale. However, "corporations and other unincorporated associations must appear in court through an attorney." D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972 (9th Cir. 2004).

disposition of cases on the merits and permitting amendments with "extreme liberality." <u>DCD Programs Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).  In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties. <u>Union Pacific R.R. Co. v. Nevada Power Co.</u>, 950 F.2d 1429, 1432 (9th Cir. 1991).  Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.  <u>Genetech, Inc. v. Abbott Laboratories</u>, 127 F.R.D. 529 (N.D. Cal. 1989).

Based upon Rule 15(a)'s liberal policy, the appearing parties' agreement to allow amendment and the early stage of these proceedings, the Court finds good cause for granting leave to amend.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties's joint motion for leave to file an amended complaint is **GRANTED**. Plaintiff shall file a First Amended Complaint, in the form attached to the joint motion at Exhibit 1.

2. The First Amended Complaint shall be deemed served upon Defendants Allen Yan Chow, Yan Wholesale, Roman Rushinsky, and Rush Wholesale upon mail or consensual electronic service of this Order by Plaintiff, consistent with the requirements of Federal Rule of Civil Procedure 5.

3. Plaintiff shall serve the remaining Defendants as required by the Federal Rules of Civil Procedure.

DATED:  March 18, 2008

JOHN A. HOUSTON
United States District Judge