1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  Adam A. Welland (Bar No. 228680)
   12636 High Bluff Drive, Suite 400
3  San Diego, California 92130-2071
   Telephone: (858) 523-5400
4
   Attorneys for Plaintiff,
5  GEORGIA-PACIFIC CONSUMER PRODUCTS LP

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 GEORGIA-PACIFIC CONSUMER          )   Civil Action No. 07-CV-02390 JAH POR
   PRODUCTS LP, a Delaware limited   )
12 partnership,                      )
                                     )   **PLAINTIFF GEORGIA-PACIFIC'S EX**
13             Plaintiff,            )   **PARTE APPLICATION FOR STATUS**
                                     )   **CONFERENCE**
14       v.                          )
                                     )
15 YAN WHOLESALE; RUSH WHOLESALE;    )
   YES WHOLESALE; RUNHUI PAPER CO.,  )
16 LTD.; a Chinese Corporation; SHANTOU )
   KID TOYS CO., LTD., a Chinese     )
17 Corporation; FOOK WOO ASSORTED    )
   PAPER CO., a Chinese Corporation; )
18 ZHONGSAN SANJIAO PAPER            )
   MANUFACTURING CO., LTD., a Chinese )
19 Corporation; ZHONGSAN ZHONGSAN    )
   PAPER GROUP, a Chinese Corporation; )
20 ALLEN YAN CHOW, an individual;    )
   ROMAN RUSHINSKY, an individual; GLEB )
21 TABACHNIK, an individual; and DOES 6 – )
   100,                              )
22                                   )
               Defendants.           )
23 _____ )

24

25

26

27

28

1   provide copies of financial records regarding the marketing and sale of Angel bathroom tissue

2   and related bathroom tissue products, including invoices and sales records or other financial

3   records reflecting sales amounts, tax returns, as well as additional supporting documentation for

4   these documents.   Smith Decl. ¶ 5.   On April 14, 2008, Defendants provided tax return

5   documentation for the years 2004-2006 and a handwritten balance sheet for 2007.  No additional

6   documentation has been provided, although Defendants have indicated that they are in the

7   process of compiling additional responsive documentation.  Smith Decl. ¶ 6.

8          To advance the progress of settlement discussions and to render those discussions more

9   productive, Georgia-Pacific wishes to pursue limited formal discovery, consisting of narrowly-

10  tailored requests for production of additional financial documents pertaining to Defendants' sales

11  of both Angel and Ariel bathroom tissue and other paper products, as well as a Rule 30(b)(6)

12  person most knowledgeable deposition.   The discovery Georgia-Pacific proposes to serve is

13  attached hereto as Attachments A and B.  This discovery is necessary to ensure full and complete

14  disclosure of relevant factual information—including information  so that Georgia-Pacific may

15  negotiate and enter a settlement agreement upon fair and reasonable terms.

16         Georgia-Pacific and Defendants have met and conferred, yet have been unable to reach

17  agreement among themselves to conduct limited discovery on an informal basis.   While

18  Defendants have expressed willingness to provide documents and to permit deposition topics

19  pertaining to Angel bathroom tissue products, Defendants have refused to engage in limited,

20  voluntary discovery pertaining to Defendants' manufacture, distribution, marketing, and/or sale

21  of Ariel bathroom tissue products.  Smith Decl. ¶ 7.  Georgia-Pacific was willing to postpone

22  document production pertaining to Ariel bathroom tissue products, and potentially to forego such

23  requests, depending upon the information developed regarding the Ariel bathroom tissue

24  products in a Rule 30(b)(6) deposition; however, Defendants indicated that they could not agree

25  to any inquiry regarding the Ariel products either through requests for production of documents

26  or a Rule 30(b)(6) deposition.  *Id.*

27         Because Defendants have not answered the complaint, no Early Neutral Evaluation

28  Conference has been held in this action.  Georgia-Pacific therefore is unable to proceed with

1   formal discovery without leave of the Court.   Rather than seek a default judgment against

2   Defendants, Georgia-Pacific believes it would be more productive to appear before the

3   Magistrate Judge to discuss the limited discovery that is required to proceed with productive

4   settlement discussions in this case.   Counsel for Defendants, Ms. Wendy Slavkin, does not

5   oppose this application for a status conference, provided that she may appear telephonically.

6   Ms. Slavkin's availability for a status conference is provided in the attached declaration.  Smith

7   Decl. ¶ 8.

8          Accordingly, Georgia-Pacific respectfully requests the Court schedule a status conference

9   with Magistrate Judge Porter at the earliest available date to discuss this limited discovery and to

10  advance the settlement of this case.

11

12  Dated:  July 23, 2008                          LATHAM & WATKINS LLP

13

14                                          By:    /s/ Stephen P. Swinton
                                                   Stephen P. Swinton
15                                                 Attorneys for Plaintiff Georgia-Pacific
                                                   Consumer Products LP
16                                                 E-mail: steve.swinton@lw.com

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1    I am employed in the County of San Diego, State of California. I am over the age of 18 years and

2    not a party to this action. My business address is Latham & Watkins LLP, 12636 High Bluff Drive,

3    Suite 400, San Diego, CA 92130.

4    On **July 23, 2008**, I served the following document described as:

5    **PLAINTIFF GEORGIA-PACIFIC'S EX PARTE APPLICATION FOR STATUS
     CONFERENCE;**

6    **DECLARATION OF COLLEEN C. SMITH IN SUPPORT OF PLAINTIFF GEORGIA-
     PACIFIC'S EX PARTE APPLICATION FOR STATUS CONFERENCE**

7    by serving a true copy of the above-described document in the following manner:

8                                    **BY ELECTRONIC FILING**

9    I am familiar with the United States District Court, Southern District of California's

10   practice for collecting and processing electronic filings. Under that practice, documents are

11   electronically filed with the court. The court's CM/ECF system will generate a Notice of

12   Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the

13   case. The NEF will constitute service of the document. Registration as a CM/ECF user

14   constitutes consent to electronic service through the court's transmission facilities. Under said

15   practice, the following CM/ECF users were served:

     Wendy L. Slavkin, Esq.
     11707 Sunset Boulevard, Suite 24
     Los Angeles, CA 90049
     Tel: (310)476-1959
     Fax: (310)476-1939
     Email: wlslavkin@aol.com
     Attorney for Allan Yan Chow and Yan Wholesale

     I declare that I am employed in the office of a member of the Bar of, or permitted to

     practice before, this Court at whose direction the service was made and declare under penalty of

     perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on July 23, 2008, at San Diego, California.

                                                    Alison L. Montera

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130-2071.

On **July 23, 2008**, I served the following document described as:

**PLAINTIFF GEORGIA-PACIFIC'S EX PARTE APPLICATION FOR STATUS CONFERENCE;**

**DECLARATION OF COLLEEN C. SMITH IN SUPPORT OF PLAINTIFF GEORGIA-PACIFIC'S EX PARTE APPLICATION FOR STATUS CONFERENCE;**

**[PROPOSED] ORDER GRANTING PLAINTIFF GEORGIA-PACIFIC'S EX PARTE APPLICATION FOR A STATUS CONFERENCE;**

by serving a true copy of the above-described document in the following manner:

**BY U.S. MAIL**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Rush Wholesale                          Roman Rushinsky
(c/o Roman Rushinsky - Owner)           4115 37th Street
4115 37th Street                        San Diego, CA 92105
San Diego, CA 92105

Yes Wholesale                           Gleb Tabachnik
(c/o Gleb Tabachnik - Owner)            529 Buena Vista Ave., #305
529 Buena Vista Ave., #305              Alameda, CA 94501
Alameda, CA 94501

1     I declare that I am employed in the office of a member of the Bar of, or permitted to practice

2  before, this Court at whose direction the service was made and declare under penalty of perjury under the

3  laws of the State of California that the foregoing is true and correct.

4     Executed on **July 23, 2008**, at San Diego, California.

5

6                                                        Alison L. Montera

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A**

1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  steve.swinton@lw.com
   Adam A. Welland (Bar No. 228680)
3  adam.welland@lw.com
   12636 High Bluff Drive, Suite 400
4  San Diego, California  92130-2071
   Telephone:  (858) 523-5400
5  Facsimile:   (858) 523-5450

6  Attorneys for Plaintiff,
   GEORGIA-PACIFIC CONSUMER PRODUCTS LP
7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 GEORGIA-PACIFIC CONSUMER        )  Civil Action No. 07-CV-02390 JAH POR
   PRODUCTS LP, a Delaware limited )
12 partnership,                    )
                                   )
13          Plaintiff,             )
                                   )
14     v.                          )  **PLAINTIFF GEORGIA-PACIFIC**
                                   )  **CONSUMER PRODUCTS LP'S FIRST**
15 YAN WHOLESALE; RUSH WHOLESALE;  )  **SET OF REQUESTS FOR THE**
   YES WHOLESALE; RUNHUI PAPER CO.,)  **PRODUCTION OF DOCUMENTS AND**
16 LTD.; a Chinese Corporation; SHANTOU )  **THINGS TO DEFENDANTS YAN**
   KID TOYS CO., LTD., a Chinese    )  **WHOLESALE AND ALLEN YAN CHOW**
17 Corporation; FOOK WOO ASSORTED  )
   PAPER CO., a Chinese Corporation; )
18 ZHONGSAN SANJIAO PAPER          )
   MANUFACTURING CO., LTD., a Chinese )
19 Corporation; ZHONGSAN ZHONGSAN  )
   PAPER GROUP, a Chinese Corporation; )
20 ALLEN YAN CHOW, an individual;  )
   ROMAN RUSHINSKY, an individual; GLEB )
21 TABACHNIK, an individual; and DOES 6 – )
   100,                            )
22                                 )
                                   )
23          Defendants.            )
   ──────────────────────────────── )

24

25

26

27

28

| | |
|---|---|
| 1 | **PROPOUNDING PARTY:**    **Georgia-Pacific Consumer Products LP** |
| 2 | **RESPONDING PARTY:**    **Yan Wholesale and Allen Yan Chow** |
| 3 | **SET NUMBER:**    **One** |

4      Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Georgia-Pacific Consumer

5   Products LP ("Georgia-Pacific") hereby requests that within <u>fourteen (14)</u> days of service hereof

6   all DOCUMENTS and tangible things described below be produced by Defendants Yan

7   Wholesale and Allen Yan Chow (collectively, "Defendants") in accordance with the Definitions

8   and Instructions set forth below <u>in an orderly fashion and with Bates labels</u> at the offices of its

9   counsel, Latham & Watkins LLP, 12636 High Bluff Drive, Suite 400, San Diego, CA 92130.

10                     **DEFINITIONS AND INSTRUCTIONS**

11      1.     "DEFENDANTS," "you" and "your" refer to Allen Yan Chow, Yan Wholesale,

12   any and all of its predecessors, successors, assigns, parent companies, subsidiaries, affiliates,

13   officers, directors, employees, agents, attorneys, accountants, investigators, and/or other persons

14   acting or purporting to act on behalf of any of them for any purpose.

15      2.     The term "DOCUMENT" or "DOCUMENTS" refers to any and all written,

16   recorded (by tape, video or otherwise), graphic, or photographic matter, however produced or

17   reproduced, <u>in any language</u>, pertaining in any manner to the subject matter indicated and

18   includes, without limiting the generality of the foregoing, all agreements, appointment books,

19   bills, books, cablegrams, calendars, cars, charts, checks, computer data, computer hard copy,

20   computer printouts, contracts, correspondence, credit memoranda, diaries, electronic mail,

21   expense accounts, file cards, films, financial statements and reports, invoices, journals, ledgers,

22   letters, logs, maps, memoranda, memorials of telephone conversations, microfilm, minutes,

23   notes, notices, papers, purchase orders, receipts, recordings by any medium, records, reports,

24   slides, statements, telegrams, telexes, timesheets, web pages, and any other pertinent information

25   set forth in written language or any electronic representation thereof, including all originals,

26   copies and drafts of any such document. You are on notice that the term "DOCUMENT" or

27   "DOCUMENTS" specifically includes computer files, the contents of diskettes and electronic

28   mail.

3.     The connectives "AND," "OR," and "AND/OR" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.     The word "EACH" as used herein includes the word "EVERY," and the word "EVERY" as used herein includes the word "EACH," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5.     The word "ANY" as used herein includes the word "ALL," and the word "ALL" as used herein includes the word "ANY," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.     The term "ALL" shall be construed to include the term "EACH and "EACH" shall be construed to include the term "ALL," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.     The terms "RELATING TO" and "REFERRING TO" shall mean RELATING TO, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or part), as the context makes appropriate.

8.     The term "ANGEL PRODUCT(S)" refers to any bathroom tissue or related product (including, but not limited to, facial tissue, paper towels and paper napkins) or packaging bearing the name "Angel," or any variation thereof, located anywhere on such product or packaging.

9.     The term "ARIEL PRODUCT(S)" refers to any bathroom tissue or related product (including, but not limited to, facial tissue, paper towels and paper napkins) or packaging bearing the name "Ariel," or any variation thereof, located anywhere on such product or packaging.

10.     The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**INSTRUCTIONS**

1.      With respect to any claim of privilege by DEFENDANTS regarding any information, document, or communication sought by any of Georgia-Pacific's discovery requests, DEFENDANTS are hereby requested, pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, to identify each such communication, information, or document withheld on grounds of an alleged privilege, and specifically set forth the following:

        (a)      the nature and basis of the privilege claimed;

        (b)      the author(s);

        (c)      the addressee(s), including the recipients of copies;

        (d)      the date of the communication, document, or information;

        (e)      the subject matter of the communication, document, or information;

        (f)      if the privilege claimed is the attorney-client privilege, and indication of which author(s) or addressee(s) is/are attorneys; and

        (g)      any other information necessary to support the claim of privilege.

2.      If it is maintained that any requested document has been destroyed, identify such document, set forth the contents of the document, state the date of such destruction, and identify the person(s) who authorized or directed such destruction.

3.      The DOCUMENTS requested hereby specifically include, but are not limited to, those DOCUMENTS in DEFENDANTS' possession, custody, or control or the possession, custody, or control of DEFENDANTS' present and former employees, directors, officers, affiliates, and any other person or entity acting or purporting to act on DEFENDANTS' behalf.

4.      To the extent accounting, financial, and sales data are maintained in both hard copy and magnetic or electronic form, the requests for production cover both forms.

5.      You are to produce the original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody or control.

6.      If a request is silent as to the time period for which production of DOCUMENTS and things is sought, you are to produce all DOCUMENTS originated in whole or in part and of all things within your possession, custody, or control.

1    7.    All requested DOCUMENTS shall be produced to GEORGIA-PACIFIC in the

2  same file or other organizational environment in which they are kept by DEFENDANTS.  For

3  example, a document that is part of a file, docket or other grouping should be physically

4  produced together with all other DOCUMENTS from said file, docket or grouping responsive to

5  the Request, in the same order or manner of arrangement as the original.

6    8.    The following requests are continuing and DEFENDANTS are reminded of the

7  obligation for timely supplementation pursuant to Rule 26(e) of the Federal Rules of Civil

8  Procedure.

9              **DOCUMENTS AND THINGS TO BE PRODUCED**

10  **REQUEST FOR PRODUCTION NO. 1:**

11    DOCUMENTS sufficient to identify the entire distribution network for ANGEL

12  PRODUCTS and ARIEL PRODUCTS, including but not limited to the names and addresses of

13  any and all direct and indirect manufacturers, agents, suppliers, and customers that

14  DEFENDANTS have used to obtain and distribute these products.

15  **REQUEST FOR PRODUCTION NO. 2:**

16    ALL DOCUMENTS evidencing contracts or agreements (including amendments) with

17  any entities or individuals referred to in response to Request for Production No. 1, including but

18  not limited to any drafts or negotiation documentation.

19  **REQUEST FOR PRODUCTION NO. 3:**

20    ALL DOCUMENTS RELATING TO the importation of ANGEL PRODUCTS and

21  ARIEL PRODUCTS, including each and every shipment ordered.

22  **REQUEST FOR PRODUCTION NO. 4:**

23    ALL DOCUMENTS evidencing any communications with any supplier of ANGEL

24  PRODUCTS and ARIEL PRODUCTS.

25  **REQUEST FOR PRODUCTION NO. 5:**

26    ALL DOCUMENTS evidencing payment to suppliers for ANGEL PRODUCTS and

27  ARIEL PRODUCTS, including but not limited to checks, cancelled checks, cashiers checks, and

28  wire transfers spanning from DEFENDANTS' first order of such products to present.

1  **REQUEST FOR PRODUCTION NO. 6:**

2      ALL DOCUMENTS RELATING TO the marketing or advertising of ANGEL

3  PRODUCTS and ARIEL PRODUCTS spanning from DEFENDANTS' first instance of

4  marketing of such products to present.

5  **REQUEST FOR PRODUCTION NO. 7:**

6      DOCUMENTS sufficient to identify the annual revenues, expenses, and profits for just

7  the ANGEL PRODUCTS and ARIEL PRODUCTS.

8  **REQUEST FOR PRODUCTION NO. 8:**

9      ALL DOCUMENTS evidencing any communications with any customer or distributor of

10  ANGEL PRODUCTS and ARIEL PRODUCTS.

11  **REQUEST FOR PRODUCTION NO. 9:**

12      ALL DOCUMENTS RELATING TO the manufacture of ANGEL PRODUCTS and

13  ARIEL PRODUCTS.

14  **REQUEST FOR PRODUCTION NO. 10:**

15      ALL DOCUMENTS RELATING TO any sales or distribution of ANGEL PRODUCTS

16  and ARIEL PRODUCTS outside of the United States.

17  **REQUEST FOR PRODUCTION NO. 11:**

18      ALL DOCUMENTS that constitute or RELATE TO general ledgers for the ANGEL

19  PRODUCTS and ARIEL PRODUCTS.

20  **REQUEST FOR PRODUCTION NO. 12:**

21      ALL DOCUMENTS that constitute or RELATE TO monthly or other periodic financial

22  statements or balance sheets for the ANGEL PRODUCTS and ARIEL PRODUCTS, including

23  accompanying footnotes and descriptive analysis.

24  **REQUEST FOR PRODUCTION NO. 13:**

25      ALL DOCUMENTS provided to any income tax preparer that RELATE TO the ANGEL

26  PRODUCTS and ARIEL PRODUCTS.

27

28

1    **REQUEST FOR PRODUCTION NO. 14:**

2         ALL DOCUMENTS RELATING TO GEORGIA-PACIFIC's **ANGEL SOFT**® brand

3    products or GEORGIA-PACIFIC's **"ANGEL SOFT"** trademarks.

4    **REQUEST FOR PRODUCTION NO. 15:**

5         ALL DOCUMENTS RELATING TO any communications concerning GEORGIA-

6    PACIFIC's **ANGEL SOFT**® brand products or GEORGIA-PACIFIC's **"ANGEL SOFT"**

7    trademarks.

8    **REQUEST FOR PRODUCTION NO. 16:**

9         ALL DOCUMENTS RELATING TO any knowledge by DEFENDANTS of

10   GEORGIA-PACIFIC's **ANGEL SOFT**® brand products or GEORGIA-PACIFIC's **"ANGEL**

11   **SOFT"** trademarks.

12   **REQUEST FOR PRODUCTION NO. 17:**

13        ALL DOCUMENTS RELATING TO DEFENDANTS' decision to use the names

14   "Angel" and "Ariel."

15   **REQUEST FOR PRODUCTION NO. 18:**

16        ALL DOCUMENTS RELATING TO any testing of the packaging for ANGEL

17   PRODUCTS and ARIEL PRODUCTS for the presence of any dangerous elements such as lead.

18   **REQUEST FOR PRODUCTION NO. 19:**

19        ALL DOCUMENTS RELATING TO DEFENDANTS' decision to apply for any

20   trademarks related to the ANGEL PRODUCTS and ARIEL PRODUCTS.

21

22

23

24

25

26

27

28

1    **REQUEST FOR PRODUCTION NO. 20:**

2         ALL DOCUMENTS RELATING TO DEFENDANTS' applications to register any

3    trademarks related to the ANGEL PRODUCTS and ARIEL PRODUCTS.

4

5

6    Dated: July ___, 2008                    LATHAM & WATKINS LLP

7

8                                             By: _____
                                                  Attorneys for Plaintiff
9                                                 Georgia-Pacific Consumer Products LP
                                                  E-mail: steve.swinton@lw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B**



1  LATHAM & WATKINS LLP
   Stephen P. Swinton (Bar No. 106398)
2  Adam A. Welland (Bar No. 228680)
   12636 High Bluff Drive, Suite 400
3  San Diego, California  92130-2071
   Telephone:  (858) 523-5400
4
   Attorneys for Plaintiff,
5  GEORGIA-PACIFIC CONSUMER PRODUCTS LP
6
7
8              IN THE UNITED STATES DISTRICT COURT
9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10 GEORGIA-PACIFIC CONSUMER       )  Civil Action No. 07-CV-02390 JAH POR
   PRODUCTS LP, a Delaware limited )
11 partnership,                   )
                                  )
12            Plaintiff,          )
                                  )
13      v.                        )  **NOTICE OF RULE 30(B)(6) DEPOSITION**
                                  )  **OF YAN WHOLESALE**
14 YAN WHOLESALE; RUSH WHOLESALE; )
   YES WHOLESALE; RUNHUI PAPER CO.,)
15 LTD.; a Chinese Corporation; SHANTOU )
   KID TOYS CO., LTD., a Chinese   )
16 Corporation; FOOK WOO ASSORTED  )
   PAPER CO., a Chinese Corporation; )
17 ZHONGSAN SANJIAO PAPER         )
   MANUFACTURING CO., LTD., a Chinese )
18 Corporation; ZHONGSAN ZHONGSAN )
   PAPER GROUP, a Chinese Corporation; )
19 ALLEN YAN CHOW, an individual; )
   ROMAN RUSHINSKY, an individual; GLEB )
20 TABACHNIK, an individual; and DOES 6 – )
   100,                           )
21                                )
            Defendants.           )
22 _____)
23
24
25
26
27
28

1    NOTICE IS HEREBY GIVEN that pursuant to Rule 30(b)(6) of the Federal Rules of

2   Civil Procedure, Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") will take

3   the deposition of the Person Most Knowledgeable (hereinafter "PMK") of Defendant Yan

4   Wholesale concerning the topics listed in Attachment A, on August __, 2008, or a date mutually

5   agreed to by the parties.

6    The deposition will commence at 9:30 a.m. at the law offices of Latham & Watkins, 633

7   West Fifth Street, Suite 4000, Los Angeles, California 90071, upon oral examination before a

8   Certified Shorthand Reporter, said deposition to continue from day to day, Saturdays, Sundays

9   and holidays excepted, until completed.  The deposition may also be recorded by video or audio

10  tape.  Georgia-Pacific reserves the right to use any audio/video taped portion of the deposition

11  testimony at a hearing or trial in this matter.

12

13

14  Dated: July ___, 2008                    LATHAM & WATKINS LLP

15

16                                          By: _____
                                                Stephen P. Swinton
17                                              Attorneys for Plaintiff
                                                Georgia-Pacific Consumer Products LP
18                                              E-mail: steve.swinton@lw.com

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS⸺
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\636070.3

1

07-CV-02391 JAH POR
NOTICE OF RULE 30(B)(6) DEPOSITION OF
DEFENDANT YAN WHOLESALE.

**ATTACHMENT A**

1

2       Pursuant to Federal Rule of Civil Procedure 30(b)(6), Yan Wholesale is required to

3  designate and produce those of its officers, directors, employees and managing agents who are

4  most qualified to testify as to the following topics:

5                           **DEFINITIONS**

6       1.     "Yan Wholesale" refers to Allen Yan Chow, Yan Wholesale, any and all of its

7  predecessors, successors, assigns, parent companies, subsidiaries, affiliates, officers, directors,

8  employees, agents, attorneys, accountants, investigators, and/or other persons acting or

9  purporting to act on behalf of any of them for any purpose.

10      2.     "Consumer paper products" refers to bathroom tissue, facial tissue, paper towels,

11  and paper napkins.

12                             **TOPICS**

13      1.     The present financial condition of Yan Wholesale.

14    , 2.     Preparation of financial statements, accounting ledgers, payroll documents, tax

15  documents, wire transfers, and other financial records pertaining to Yan Wholesale.

16      3.     Record-keeping practices and/or procedures for financial statements, accounting

17  ledgers, payroll documents, tax documents, and other financial records pertaining to Yan

18  Wholesale.

19      4.     The reasons and circumstances for Yan Wholesale's selection of the mark

20  "Angel" for use in connection with consumer paper products.

21      5.     Yan Wholesale's use of the "Angel" mark (and anything confusingly similar) on

22  consumer paper products, including the date and location(s) of Yan Wholesale's first use in

23  commerce in the United States of the "Angel" mark.

24      6.     The identities of all sources of "Angel" consumer paper products distributed

25  and/or sold by Yan Wholesale, including direct and indirect manufacturers, distributors, agents,

26  and all other sources of these products.

27

28

7.      The identities of all direct and indirect retailers, wholesalers, customers, or other persons or entities to whom Yan Wholesale has distributed or sold "Angel" consumer paper products.

8.      The content of contracts, agreements, invoices, and/or purchase orders between Yan Wholesale and any entities or individuals within the distribution network for "Angel" consumer paper products.

9.      Any wholly-owned subsidiaries or corporations or business entities associated with Yan Wholesale that have participated in the distribution network for "Angel" consumer paper products.

10.     The importation by Yan Wholesale of "Angel" and "Ariel" consumer paper products to the United States, including the amount of product imported, the dates of importation, and information regarding any customs brokerage services employed.

11.     The importation by Yan Wholesale of "Angel" and "Ariel" consumer paper products to countries other than the United States.

12.     The distribution, marketing, and/or sale of "Angel" and "Ariel" consumer paper products by Yan Wholesale in the United States and countries other than the United States.

13.     Any and all quality and/or safety testing of "Angel" consumer paper products by Yan Wholesale or by direct or indirect suppliers of Yan Wholesale.

14.     Yan Wholesale's awareness or knowledge of Georgia-Pacific's ANGEL SOFT® brand products prior to the commencement of this lawsuit.

15.     Any and all measures taken by Yan Wholesale to comply with the Preliminary Injunction in this case.

16.     Non-privileged communications with third-parties regarding this dispute with Georgia-Pacific.

17.     The application for California trademark registration number 109928.

18.     The documents provided to Georgia-Pacific in connection with this case.

19.     Measures undertaken by Yan Wholesale to preserve documents, including electronic documents and files, since the commencement of this lawsuit.

LATHAM•WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO NORTH COUNTY

SD\636070.3

3

07-CV-02391 JAH POR
NOTICE OF RULE 30(B)(6) DEPOSITION OF
DEFENDANT YAN WHOLESALE.